Boogher v. Frazier.

## BOOGHER *et al.*, *Appellants*, v. FRAZIER.

1. **Deed of Trust**: FORECLOSURE, AFFIRMANCE OF. The legal holder of one of three notes secured by a deed of trust has his option to disregard a foreclosure by the trustee at the request of the holder of the other two, and enforce the lien of his security against the land, or to affirm the foreclosure, and assert his right, to the amount of his note, to the proceeds of the land that came into the hands of the trustee and *cestui que trust*.

2. ———: ———: ESTOPPEL. Having chosen to proceed against the trustee and *cestui que trust*, thereby abandoning his security and affirming the validity of the trustee's sale and its potency to pass the legal title, he is estopped from denying these facts as against a purchaser for a valuable consideration, who became such after recovery of judgment against the trustee and *cestui que trust*, and partial satisfaction thereof.

3. **Practice**: ENTRY OF JUDGMENT UPON MANDATE OF SUPREME COURT. It is not within the power of the circuit court, in entering judgment under a mandate of the supreme court, to confer upon a party any right or remedy not within the issues tendered by the pleadings and passed upon by the supreme court.

*Appeal from Carroll Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*W. C. Marshall, J. W. Sebree* and *Prosser Ray* for appellants.

(1) The deed of trust from Chinn to Winfrey, and deed of the sheriff (as successor to Winfrey in the trust deed) to plaintiff, and admission of possession by defendant at date of suit, and that the monthly rents were five dollars, made the *prima facie* case for plaintiffs. *Alexander v. Campbell*, 74 Mo. 146. (2) Defendant did not acquire the legal title under the sale of the land by Winfrey as trustee. That sale was made at the request of Simpson, who was not the owner of the note secured by the trust deed. Bell & Son were the owners of said note, and said sale by Winfrey was not valid and effectual. *Bell v. Simpson*, 75 Mo. 485. The judgment in the case of *Bell v. Simpson*, was presumably offered in evidence by defendant as an estoppel of record. Considered as such, it was not good as a bar, because not pleaded, and was not conclusive, or even of value, to defendant as evidence, because of its express provision that, if the same was not paid in sixty days, Hale & Eads should turn over to plaintiffs the Kendrick note, and that plaintiffs should then proceed to enforce the collateral security of the trust deed against the land. (4) The two actions, *Bell v. Simpson*, and the one at bar, are different, both in form and substance. If the judgment and the testimony of Winfrey, that he had paid plaintiffs twelve hundred dollars thereon, were offered as an equitable estoppel, then we say, it is not in the case, because it is not pleaded. The answer is a general denial simply. *Goff v. Roberts*, 72 Mo. 570; *Snider v. Coleman*, 72 Mo. 569.

*Hale & Sons* for respondent.

If the deed made by Winfrey, trustee, to Simpson, was in any respect defective, it was amply ratified and confirmed by the judgment and proceedings in *Bell v.*

*Simpson*, setting up said sale and asking judgment for the proceeds. *Chase v. Williams*, 74 Mo. 429; *Austin v. Loring*, 63 Mo. 19.

BRACE, J.—This is an action in ejectment to recover an eighty-acre tract of land in Carroll county.

On the sixteenth of September, 1873, James F. Chinn, who was then the owner in fee of the premises, and under whom both parties claim, with his wife, executed a deed of trust with power of sale, conveying the same to Samuel Winfrey in trust, to secure Hardin Simpson in the payment of three promissory notes and interest; two for three hundred dollars, each executed by said Chinn, payable to said Simpson, and one for a thousand dollars, executed by Wm. M. Kendrick, payable to said Chinn, and by him assigned to said Simpson.

On the twenty-fourth of December, 1873, the thousand-dollar note of Kendrick was endorsed without recourse by Simpson to Henry Bell & Son, and deposited with Messrs. Hale & Eads, attorneys, upon the agreement and under the circumstances particularly set out in *Bell v. Simpson*, 75 Mo. 485, of which case, the present one forms the second chapter and sequel. A controversy having arisen between Simpson and Bell & Son as to the terms upon which said note was to be delivered, Hale & Eads declined to deliver said note, and the same remained in their hands until after the decision in the above-cited case.

On the twenty-fifth of October, 1875, the promissory notes, secured by said deed of trust remaining due and unpaid, Winfrey, the trustee, at the request of Simpson, sold the land under the deed of trust, and Simpson became the purchaser thereof, for the sum of nine hundred dollars, and afterwards, on the fourteenth of December, 1875, received the trustee's deed therefor.

On the twenty-sixth of November, 1875, Simpson conveyed the land by warranty deed to Elihu Shannon,

and, on the seventh of February, 1876, Shannon and wife conveyed the land to John P. Minnis.

On the second of June, 1877, Henry Bell & Son instituted in the Carroll circuit court the suit reported in 75 Mo., *supra*, against Simpson, Winfrey and Hale & Eads, setting forth the facts substantially as stated in the opinion in that case, except that the sale of February, 1876, by Shannon to Minnis was for two thousand dollars, instead of four thousand dollars, as in the report of the opinion. The conclusion of the petition and prayer in that case is as follows: "And plaintiffs charge that said defendant Winfrey is liable to the plaintiffs for the said amount for which he sold said real estate, as said trustee, to said Simpson, as aforesaid, and with the interest thereon from date of sale, and for which they ask judgment; and said plaintiffs further charge that said defendant Simpson, by his said wrongful and fraudulent acts and conduct in the premises, and by his wrongful assumption of the control, title and possession of said real estate, and the proceeds of the sale thereof, so realized by him as aforesaid, has made himself, and becomes, and now is, a trustee for these plaintiffs of the said proceeds of said sale of said real estate to the extent and amount of said thousand-dollar Kendrick note, and the interest thereon, so realized and appropriated by him, as aforesaid, and for which they ask judgment against said defendant Simpson; and plaintiffs also ask that said defendants, Hale & Eads, may, by the order of the court, be directed and requested to deliver up to plaintiffs the aforesaid Kendrick note, so endorsed to them, and so deposited with the said Hale & Eads, for their benefit as aforesaid, and grant to said plaintiff such other and further relief in the premises as may be just and equitable."

On the trial in the circuit court, the court found for the defendants, and dismissed the bill. On appeal to

the supreme court, the judgment of the circuit court was reversed, and the cause remanded "with directions to the circuit court to enter up judgment as prayed." *Bell v. Simpson, supra.*

In obedience to the mandate of the supreme court, on the twenty-fifth of July, 1882, the following judgment was entered in the circuit court of Carroll county : "Now at this day, come said parties, by their respective attorneys, and, upon a consideration of the mandate and opinion of the supreme court herein, it is ordered, adjudged and decreed by the court that plaintiffs, Jesse L. Boogher and John P. Boogher, surviving partners of Henry Bell & Son, recover of defendant, Hardin Simpson, one thousand, nine hundred and eighty-three dollars and thirty-three cents ($1,983.33), with interest thereon from date of this decree, at rate of ten per cent. per annum; and that said plaintiffs recover of defendant, Samuel Winfrey, one thousand, two hundred and sixty-four dollars and fifty cents ($1,264.50), with interest thereon from date of this decree, at rate of six per centum per annum; and that said plaintiffs recover of said defendants, Winfrey and Simpson, the costs of this proceeding, and have execution in conformity with this decree, returnable to the next December term of this court; and it is further ordered and decreed by the court that unless said sum of one thousand, nine hundred and eighty-three dollars and thirty-three cents ($1,983.33), and said interest thereon, and said costs shall be paid as above decreed within sixty days from the date of this decree, said defendants, John B. Hale and William M. Eads, shall then forthwith deliver to said plaintiffs the said Kendrick note described in the petition herein, which note is of date September 16, 1873, signed by Wm. M. Kendrick, for one thousand dollars and interest, and that said plaintiffs shall thereupon be at liberty to proceed to enforce their claim as owners of said note

against the property described, in the petition or otherwise as they may be advised, and as may be in conformity to law; and it is further ordered and decreed that upon payment to said plaintiffs of one thousand, nine hundred and eighty-three dollars and thirty-three cents, and interest thereon and said costs, by either of said defendants, Simpson or Winfrey, this decree shall be satisfied."

On the twenty-seventh of February, 1884, John P. Minnis conveyed the premises in controversy, *except four acres*, by warranty deed to the defendant for the consideration of fifteen hundred dollars.

The plaintiffs herein, as the surviving partners of the firm of Henry Bell & Son, came into possession of the Kendrick note under the judgment aforesaid, collected twelve hundred dollars from Winfrey on account of the proceeds of the sale of said real estate under the deed of trust, and thereafter caused the land to be again advertised, and on the twenty-first of September, 1885, sold by the sheriff of Carroll county acting as trustee, at which sale they became the purchasers, and thereupon began this suit in ejectment to recover the land. The judgment was for the defendant in the trial court and plaintiffs appeal.

I. It will be observed, from the foregoing, that the position of the plaintiffs, briefly stated, is this: Having sued the trustee and the *cestui que trust* and purchaser at the trustee's sale, for the proceeds of the sale, and of subsequent sales and conveyances made in pursuance and by virtue thereof, and having recovered judgment against them for such proceeds, to the amount of their debt, which it turned out was secured by said deed of trust, and having, by virtue of such judgment, collected a large portion of such proceeds from the trustee, failing to get the remainder either from him or from the *cestui que trust* and purchaser, they turn around and say the sale by the trustee was void, passed no title,

cause the land to be resold, and now ask the court to so hold in an action against a purchaser for a valuable consideration, who became such long after the plaintiffs had abandoned their security, instituted suit and recovered judgment for the amount of the proceeds of the sale under the deed of trust; and, indeed, after the larger portion of such proceeds had been collected by them. And with these proceeds in their pocket, and after such action, urge as defects in the trustee's sale and deed, that the sale was made solely at the request of Simpson, who was not the legal holder of the Kendrick note, although he was of two other notes secured thereby; and that the trustee's deed does not directly, and in positive terms, show that notice of the sale, as required by the deed of trust, was given.

We will not inquire into the alleged defects. The plaintiffs, before bringing the first suit, regarding themselves as the legal holders of the Kendrick note, as they were afterwards found to be by this court, had their option either to disregard the foreclosure made by the trustee at the request of Simpson, and seek to enforce the lien of their security against the land, either by suit or by advertisement and sale, or to affirm the foreclosure of the trustee, and go for the proceeds of the land which came into his hands, and into those of the *cestui que trust*, Simpson, by means of such foreclosure. They chose the latter, and by the very nature of the action brought, affirmed the validity of the trustee's sale, and its potency to pass the legal title, else they had no cause of action, and they are now estopped from denying these facts against one who had a right to rely upon them as verities, so far as plaintiffs were concerned, by the very position which they had assumed in regard to them upon the records of the courts of the country.

II. Some stress seems to be laid, in the argument of counsel, upon the expression in the judgment of the circuit court, "and that said plaintiffs shall thereupon

be at liberty to enforce their claim as owners of said note against the property described in the petition or otherwise, as they may be advised, and as may be in conformity to law." Whatever these terms may have been intended to mean, it must be conceded that it was not within the power of the circuit court to confer upon the plaintiffs, in entering up this judgment under the mandate of the supreme court, any right or remedy beyond the scope of the issues tendered by them in their pleadings, and passed upon by the supreme court, in which will be found no foundation whatever for any claim to have established any right or lien against the land in controversy. In fact, as we have seen, the position of the plaintiff was not only antagonistic, but inconsistent with and antipodal, to such an idea; this expression in the judgment seems to be a mere *brutem fulmen*, without any particular meaning, the force of which must be sought for in the "otherwise" of the sentence, for it is certainly not "in conformity to law" that the plaintiffs should have the proceeds of the land, and the land also.

The judgment of the circuit court is affirmed. All concur, except RAY, C. J., and BARCLAY, J., not sitting.