JOHN W. ADAMS, Plaintiff in Error, v. JAMES GILCHRIST, Defendant in Error.

Kansas City Court of Appeals, December 2, 1895.

1. **Ejectment:** RENTS AND PROFITS: COMMON LAW: TRESPASS. At common law a recovery of rents and profits by way of damages in an ejectment suit, is not authorized; but after recovery in ejectment, trespass for rents and profits was the remedy.

2. **Landlord and Tenant:** RECEPTION OF RENTS. The owner conveyed his land to a trustee to rent and collect the rents and apply them to the payment of certain notes of the owner. The trustee did so. *Held*, the transferee of one of the notes, which was paid by the trustee, was not the landlord of the person to whom the trustee rented the land since such transferee did not receive the rents nor assent to the tenant's occupation, nor did the tenant hold in subordination to the transferee's title, as he had none.

**3.** ———: SURETY ON APPEAL BOND IN EJECTMENT: TRESPASS. While an action will lie against a landlord in fact who is in receipt of the rents and profits or who resisted an ejectment against his tenant, although he was not a party to that suit, yet a surety on an appeal bond of the defendant in ejectment, who did not assist in the defense of the ejectment nor receive the rents, does not become, by reason of his signing the appeal bond, the landlord of the defendant in the ejectment, and is not liable in trespass for rents and profits accruing after the commencement of the ejectment suit.

**4.** Ejectment: RENTS AND PROFITS: RES ADJUDICATA. A plaintiff in ejectment can have no claim for damages other than that which is determined in the action of ejectment; and the satisfaction of that judgment is a bar to his recovery in an action of trespass against the surety on the appeal bond, assuming that the relation of landlord and tenant subsisted between the surety and the defendant in ejectment. Cases holding sureties on indemnifying bonds to sheriffs, *distinguished*.

*Error to the Clinton Circuit Court.*—HON. WILLIAM S. HERNDON, Judge.

AFFIRMED.

*F. B. Ellis* and *John J. McAnaw* for plaintiff in error.

(1) A surety in a bond in a judicial proceeding which keeps the owner out of possession of his property participates, by such act, in becoming surety in the trespass, and is liable the same as the principal trespasser. *State v. Mitchell*, 1 Mo. App. 387; *Luebbering v. Oberkoetter*, 1 Mo. App. 389; *Peckham v. Lindell*, 9 Mo. App. 462; *Wetzell v. Waters*, 18 Mo. 399; *Allred v. Bray*, 41 Mo. 487. (2) A person who receives the benefit of a trespass or tort is liable for damages occasioned the owner by such trespass. *Allred v. Bray*, 41 Mo. 487. (3) If a tenant is sued in ejectment, and the person to whose use he holds receives the rents pending such suit, or aids such tenant in his defense, and plaintiff regains possession, then such pernor of rents or aider of tenant is liable in an

action of trespass for mesne rents and profits, if such tenants are insolvent. *Carson v. Hughes*, 90 Mo. 399; Sedg. & Wait, Trial of Title to Land. (4) Action for mesne rents and profit is an action in trespass. And the action of trespass to real estate is for a wrong done to the possession, irrespective of title. So possession by virtue of the ejectment suit is conclusive evidence of plaintiff's right to possession, especially against one in position of defendant, who knowing of ejectment (as he executed the appeal bond therein), receives from defendants in ejectment suit the rents. (5) Judgment for nominal damages in an ejectment suit does not include rents and profits or substantial injury, or bar an action therefor in a suit for such rents and profits or substantial damages, even against the same defendants. Sedg. & Wait, Trial for Title of Land, sec. 662; *Van Alen v. Rogers*, 1 John. Ca. 28; *Davis v. Delpit*, 25 Miss. 445. (6) Trespass for mesne profits is grounded upon the fiction of law, that the disseizee after reentry has been in the continuous possession during period of disseizin. *Truble v. Miller*, 48 Conn. 347; *Dewey v. Osborn*, 4 Cow. 329. Hence, plaintiff must regain possession before action, and is consequential upon ejectment. *Brocks v. Lansing*, 74 N. Y. 442; *Caldwell v. Walters*, 22 Pa. St. 378; *Bigelow v. Jones*, 10 Peck. 161; *Carson v. Hughes*, 90 Mo. 399; *Stockwell v. Phelps*, 34 N. Y. 363.

*S. H. Corn* for defendant in error.

(1) The difference in the liability of a surety on an indemnity bond and a surety on an appeal bond is too obvious for argument. In the one the sureties instigate the act of the officer, which may prove to be a trespass; in the other the sureties guarantee defendant in what he has already obtained by his judgment, if

affirmed. (2) That defendant has never been in either actual or constructive possession of the land, and could not have been made a party to the ejectment suit or admitted as such, is sufficient answer to the allegation that he made himself a trespasser by receiving pay on his note. (3) The case of *Hughes v. Carson*, 90 Mo. 399, is not in point. Besides, as the law now stands, plaintiff in ejectment may make the landlord, or other person claiming title or right of possession a defendant to the suit. R. S. 1889, sec. 1993; R. S. 1879, sec. 3565. When *Hughes v. Carson* was brought he could not do this. The landlord could only become a party to his own motion. R. S., secs. 4629, 4630. The action of ejectment is, therefore, now an action for possession, damages for detention, and for rents and profits as one cause of action; and one may not any longer split up his demands into separate actions, but must, as in other cases, bring one action for his entire demands. *Boutell v. Warne*, 62 Mo. 350; *Laine v. Francis*, 15 Mo. App. 107; *Funk v. Funk*, 35 Mo. App. 246; *Koenig v. Morrison*, 44 Mo. App. 411; *Steigidler v. Railroad*, 38 Mo. App. 511; *Lee v. Bowman*, 55 Mo. 400; *Stump v. Hornbeck*, 109 Mo. 272. Rents and profits is as much a part of an action in ejectment as interest is in an action for debt. *Stump v. Hornbeck, supra.*

SMITH, P. J.—This is an action to recover damages alleged to have accrued to the plaintiff in consequence of about this state of facts:

The undisputed evidence tends to prove that on the —— day of ——, 188—, Lou W. Taylor and Eleanora Taylor, his wife, were the owners of a certain tract of land and for the purpose of securing two promissory notes previously made by them, of one of which the defendant was the transferee and owner, by a certain instrument in writing duly acknowledged

and recorded, conveyed said tract to one Burkett as trustee. It was recited in this instrument that said trustee should lease said lands from year to year and out of the rent received pay said notes, and when such notes were fully paid, the land so conveyed should revert to Mrs. Taylor, in whom, we infer, was vested the legal title. Accordingly, it appears that Burkett took possession of said lands and leased the same to Dixon and Hall and received the rents paid by them, during the time they occupied the lands under their lease. The Taylor notes were discharged by the payment made by Burkett out of the rents received by him. While Dixon and Hall were in possession of the land under their lease from Burkett, the plaintiff purchased the interest of Mrs. Taylor therein, at a sheriff's sale under an execution against her. On August 6, 1890, the plaintiff brought his action of ejectment against them for the recovery of the possession of the lands so occupied by them. Later on there was a trial of the ejectment suit, which resulted in judgment for the plaintiff for the possession and one cent damages. Still later on Dixon and Hall took an appeal to the supreme court from the ejectment judgment and the defendant herein and another became sureties on their appeal bond. The ejectment judgment was affirmed by the supreme court, whereupon Dixon and Hall surrendered their possessions to plaintiff. Dixon and Hall were then insolvent and remained so up to the institution of this suit.

It further appears that the only lawyer who represented Dixon and Hall in the ejectment suit was employed and paid by the Taylors.

At the conclusion of the evidence, the court by an instruction directed the jury that under the law and evidence their finding should be for defendant, and the plaintiff thereupon took a nonsuit, with leave to move

to set aside the same. This motion was subsequently filed and overruled. The plaintiff brings the cause here by writ of error.

The question thus presented is: Is the defendant, under the undisputed facts as we have stated them to be, liable to the plaintiff for the rents received by Burkett of Dixon and Hall, after the commencement of the ejectment suit against them by the plaintiff, until the recovery of the premises? At common law, a recovery of rents and profits by way of damages in an ejectment suit was not authorized. Sedgwick & Wait on Trial of Title to Land, sec. 647; Tyler on Eject., sec. 838. After recovery in ejectment, trespass for mesne rents and profits was the remedy. Sedgwick & Wait, *supra*, sec. 648; 6 Am. and Eng. Encyclopedia of Law, 245; *Webster v. Stewart*, 6 Iowa, 403.

In *Hughes v. Carson*, 90 Mo. 309, the petition alleged in substance that the plaintiffs therein sued the tenant in ejectment, demanding judgment for possession, damages, rents, and profits; that the defendant was not a party to the action, but that he resisted said suit by employing and paying counsel and otherwise managing and controlling the defense thereof; that the tenant was insolvent and that the plaintiffs had recovered possession of the premises by virtue of their judgment in ejectment. "At common law," says SHERWOOD, J., who delivered the opinion of the court, "such an action would lie against the landlord in fact who was in receipt of the rents and profits, or who resisted the recovery in the ejectment suit, although not a party to that suit," citing: Woodfall's Land. and Ten. 710; Tyler on Eject. 841; *Shirac v. Reinecker*, 11 Wheat. 280.

And suppose that such an action is still maintainable against the landlord, notwithstanding the present statutory provisions (secs. 1993, 4639, 4640, 4641); did

the plaintiff make out a *prima facie* showing, entitling him to go to the jury? The relation of landlord and tenant did not exist between the defendant and Dixon and Hall. The former did not in any quality receive of the latter the rent, or any part thereof. Burkett, the trustee, was the landlord to whom Dixon and Hall paid the rent. We know of no principle of law that would render the defendant the landlord of Dixon and Hall merely because Burkett, the trustee, had received of them, as landlord, the rent reserved under the lease, and afterward, as required by the provisions of the instrument executed by the Taylors to him, paid it over to the holders of the notes of whom defendant was one.

A tenant is declared by the elementary writers on the law of landlord and tenant to be one who occupies the land or premises of another, in subordination to that other's title, and with his assent express or implied; and that, in order to create the relations, the two elements must concur. Wood's Landlord & Ten. sec. 1; Taylor's Land. & Ten. sec. 14.

It is quite obvious that both of the elements essential to the existence of this relation, are wanting. It would be absurd to say that the relation existed between defendant and Dixon and Hall, or that the latter paid the former the rent. The defendant did not employ or pay counsel, nor did he in any way resist the ejectment suit of the plaintiff, unless it be that jointly signing with another, as sureties thereon, the appeal bond in that suit, constituted such resistance.

This case, on its facts, is clearly distinguishable from that class of cases so much relied upon by the plaintiff, in which it has been held that if a sheriff be a trespasser, the obligors in a bond given to indemnify him for making a levy on personal property will be liable as trespassers, at the suit of the property owner. *Wetzell v. Waters*, 18 Mo. 396; *Allred v. Bray*, 41 Mo.

487; *Leuberring v. Oberkoeter*, 1 Mo. App. 393; *Peckham v. Glass*, 7 Mo. App. 593; *Kamerick v. Castleman*, 29 Mo. App. 664; *Norman v. Horn*, 36 Mo. App. 419. The basic principle of the rule of decision adopted in this class of cases is that all persons who wrongfully contribute, in any manner, to the commission of a trespass, or, after the same has been committed for their benefit, assent to it, are responsible as principals.

The appeal bond was penal and to be void upon condition that the defendants in the ejectment judgment performed the same, or that given in the supreme court, and paid the damages and costs. It has never been held by any court, English or American, so far as we have been able to discover, that the mere act of becoming surety on an appeal bond of one against whom there is a judgment for trespass, renders such surety a trespasser equally with the principal who committed the trespass for which the judgment against him has been given. If such were the law, it would, in many cases, be quite difficult indeed for a defendant against whom a judgment had been rendered in ejectment, or for a trespass, to give an appeal bond with solvent sureties thereon, for the reason that if the judgment appealed from should be reversed by the supervisory court and the cause remanded for further proceedings, there would be nothing to hinder the plaintiff from amending his petition making the surety on the appeal bond a party defendant, since by signing the appeal bond, he had assented to the trespass charged in the petition and so became equally liable with the defendant who actually committed the wrong. If the law were ever established that a party by becoming surety on an appeal bond subjected himself to such grave consequences, appeals would be of very rare occurrence. The application of so harsh and unreasonable a rule to sureties on such bonds would have the effect

to practically deny the right of appeal. The rule in our opinion, has no application whatever to sureties on bonds of this kind.

But if we assume that the relation of landlord and tenant subsisted between defendant and Dixon and Hall, and that the former received of the latter the rents or that the latter aided and abetted the former in resisting the ejectment suit of plaintiff, still, was plaintiff entitled to a submission of the case to the jury? It appears by the pleadings in the ejectment suit that one of the issues joined was as to the damages and accruing rents and profits. The judgment was for the possession and one cent damages. The result, therefore, of the judgment in favor of the plaintiff was to merge and include in such judgment all injuries resulting from the adverse occupancy, the accruing rents and profits down to the time of obtaining possession, and the damages for waste and injury at the time of the assessment thereof. R. S., sec. 4641; *Lee v. Bowman*, 55 Mo. 400.

The plaintiff's rents and profits from the commencement of the suit to the time of the trial were necessarily included in the assessment of the damages. Plaintiff can have no claim for damages other than that which was determined in the action of ejectment. If plaintiff could not have satisfaction of that judgment, because of the insolvency of Dixon and Hall, then an action such as that in *Carson v. Hughes, supra*, would lie against defendant. But in this case, there was an appeal and a supersedeas bond given, on which defendant was surety, the penalty of which stood as a security for the damages, rents, profits and costs, which had been adjudged to the plaintiff. On the affirmance of the judgment, the defendant's conditional undertaking in the supersedeas bond became absolute. The plaintiff here had ample security for his damages, rents and

profits, and was more fortunate in this respect than the plaintiff in *Carson v. Hughes*.

Plaintiff's entire claim for damages, rents and profits, as already stated, were included in that judgment and the satisfaction thereof by defendant, as surety on the supersedeas bond, is, we think, a bar to the plaintiff's present claim. In no view of the evidence which we have been able to take, can we conclude that the plaintiff was entitled to go to the jury on the evidence adduced by him, so that it must needs follow that the judgment will be affirmed. All concur.