GEORGE W. WALKER, Respondent, v. F. S. CHARLOT, Appellant.

St. Louis Court of Appeals, July 3, 1917.

1. **ABATEMENT AND REVIVAL: Pendency of Another Action: Inconsistent Remedies.** Where a creditor of a corporation brought suit against the corporation and its stockholders, to set aside a transfer of its assets to another corporation, on the ground of fraud, and to follow such assets as in equity belonging to the defendant corporation and subject to his claim as such, and for the appointment of a receiver, he could not, while such suit was pending, maintain an action against one of such stockholders, which, in effect, affirms the transfer of such assets as having vested title thereto in the other corporation, seeks relief against defendant for fraudulent conspiracy whereby such assets were thus put beyond plaintiff's reach, and prays that defendant's stock in such other corporation be impounded and sold to satisfy plaintiff's claim, since the two remedies are inconsistent, in that plaintiff would not be entitled to make good his claim out of the corporate assets sought to be reached by the first suit, and also have a recovery against defendant on the theory that he joined in a conspiracy to put such assets beyond plaintiff's reach; and plaintiff, having elected to pursue the first of such remedies, with full knowledge of the facts, and being in the actual pursuit thereof, is precluded from attempting to pursue the other.

2. ——: ——: ——: **Necessity of Pleading.** In such case, there was no merit in plaintiff's contention that the pendency of the prior suit was not available to defendant as a defense for the reason that he did not set up such defense in his answer, since the fact that such other suit was pending appeared in plaintiff's case

and plaintiff put in evidence the petition therein, showing the nature of such suit and the relief sought.

3. ——: ——: ——. One may not concurrently prosecute actions in which he occupies inconsistent positions.

Appeal from St Louis County Circuit Court.—*Hon. G. A. Wurdeman,* Judge.

REVERSED.

*George B. Webster* for appellant.

The action of the plaintiff in beginning and prosecuting the suit against the Ozark Cooperage & Lumber Company, as the grantee of his alleged judgment debtor, in which he sought to follow the assets, amounted to an election between inconsistent remedies. Stokes v. Burns, 132 Mo. 226; Welsh v. Carder, 95 Mo. App. 45. This election was one which he could not subsequently withdraw or avoid. Bigelow, Estoppel (5 Ed.), 673. And it was an absolute bar against the maintenance of this case. Nanson v. Jacoby, 93 Mo. 331; Boogher v. Frazier, 99 Mo. 325; Tower v. Compton H. Imp. Co., 192 Mo. 379.

*Charles Erd, Henry B. Davis* and *Robert A. Thomann* for respondent.

(1) (a) Even where an answer sets up as a defense the pendency of a former suit between the same parties, founded on the same cause of action, the plaintiff may dismiss the first one and proceed with the second one, and such dismissal may even be set up in an amended reply. Warder v. Henry, 117 Mo. 530, 542. (b) Plaintiff having dismissed the former suit, before the trial of the present one, defendant is in no position to complain of the pendency of the first suit, even if he had pleaded the same in his answer as a bar to the maintenance of the second suit. Warder v. Henry, 117 Mo. 530, supra; Michelin Tire Company v. Webb, 143 Mo. App. 679, 682. (2) The pendency of the former suit against the Ozark Cooperage and Lumber Company, as a defense to the present suit, is not available to defendant, for two rea-

sons: First. No such defense was set up in his answer. Second. One suit was against the corporation, and the second against the defendant as a stockholder of the corporation; therefore, the remedies were concurrent. Tire Co. v. Webb, 143 Mo. App. 679, 682. The law is well settled that where the remedies are concurrent the pendency of the first suit is no objection to the prosecution of the second one. Warder v. Henry, 117 Mo. 530, 542; Tire Co. v. Webb, supra. ''As the general rule is, that a plea of former suit pending is not available as a defense, unless the former suit is effectual, that is, that the plaintiff can obtain his remedy therein as completely as by the second suit.'' Tire Co. v. Webb, 143 Mo. App. 682.

ALLEN, J.—This action was originally instituted against the appellant, F. S. Charlot, and O. J. Hill, W. B. Hill, B. F. Hobart and George W. Decker. The appellant alone was served with process, however.

The amended petition, upon which the cause was tried, alleges that on or about April 22, 1902, the defendants executed and acknowledged articles of association of the Ozark Cooperage Company, a corporation, termed ''Company No. 1,'' and caused said company to be organized under the laws of this State; that the corporation, with capital stock of $100,000, purporting to be fully paid, proceeded to do business in this State, and that on February 23, 1905, it was indebted to plaintiff for lumber, staves, etc., delivered to it by plaintiff, and on that date plaintiff instituted suit against it in the United States Circuit Court for the Eastern Division of the Eastern Judicial District of Missouri; that in that action plaintiff, on May 17, 1907, recovered a judgment against said corporation in the sum of $2370.80 and costs, which judgment was thereafter ordered by the United States Circuit Court of Appeals to be reduced by remittitur to the sum of $1548.16; that on February 11, 1909, plaintiff duly entered the remittitur, and execution was duly issued on the judgment, which execution was returned *nulla bona;* and that no part of the judgment or of the costs have been paid.

It is then alleged that prior to the rendition of the judgment in plaintiff's favor the corporation was the owner of a large amount of property, trade and good will of the value of at least $100.000, but that during the pendency of the above-mentioned suit the appellant Charlot and his codefendants, being then officers and directors of the corporation and comprising all of its stockholders, for the purpose of avoiding the payment of the judgment, and with the intent to hinder, delay and defraud plaintiff, and other creditors as well, "concocted, devised and consummated a fraudulent plan and scheme to dispose of, conceal and remove all of the monies, properties and other assets of said corporation, from the reach of an execution or seizure by other process of law by its creditors, and in carrying into execution the said wrongful and unlawful purpose and scheme did and performed, and caused to be done and performed, the following acts," viz.:

(a) On April 20, 1905, "caused affidavit to be made by O. J. Hill, as president of said Company No. 1, for the purposes therein recited of dissolving and reorganizing said corporation," and filed said affidavit with the Secretary of State of the State of Missouri, on April 22, 1905.

(b) On April 22, 1905, filed with the Secretary of State of the State of Missouri a certified copy of articles of association, recorded in the office of the recorder of deeds of the city of St. Louis on April 22, 1905, executed and acknowledged by the defendants and by one L. M. Preston, for the purpose of incorporating another corporation under the name, "Ozark Cooperage Company," termed "Company No. 2."

(c) On April 22, 1905, or shortly thereafter, "conveyed, transferred and assigned all of the property and effects of every kind and description" of "Company No. 1" to "Company No. 2."

(d) On May 12, 1906, procured the execution of articles of incorporation for the incorporation of the "Ozark Cooperage & Lumber Company" under the laws of the State of New Jersey, "and obtained a certificate of incor-

poration by that name, authorizing said company to issue capital stock to the amount of $300,000.''

(e)    On June 24, 1906, caused an affidavit to be made by one Nelson, as assistant and acting secretary of ''Company No. 2,'' reciting that by the unanimous vote of its stockholders said company had duly dissolved.

(f)    On June 29, 1906, filed with the Secretary of State of the State of Missouri an application for a license authorizing the said New Jersey corporation to transact business in this State, wherein it was set forth that the portion of the capital stock represented by the property and business of said corporation within this State amounted to $100,000.

(g)    On June 29, 1906, or shortly thereafter, ''caused all the assets of every kind and character of Company No. 2 to be conveyed, transferred and assigned to said Ozark Cooperage & Lumber Company.''

(h)    On August 26, 1911, caused the affidavit of said Nelson, supra, to be filed with the Secretary of State of the State of Missouri.

It is then alleged that the capital stock of ''Company No. 2'' was paid solely by and with the property and assets of ''Company No. 1;'' and that on the organization of ''Company No. 2'' certificates of stock were issued to defendant Charlot and the other stockholders of the original company, and to one Preston, in the proportion that they had agreed would represent their respective interests in the property and effects of ''Company No. 1,'' and that defendant Charlot received certificates to the amount and value of $10,000; and that the capital stock of the Ozark Cooperage & Lumber Company, or so much thereof as was paid, was likewise paid solely by and with the property and assets of ''Company No. 1,'' and that defendant Charlot received certificates of stock in said Ozark Cooperage & Lumber Company to the amount and value of $10,000.

It is averred that on the pretended dissolution of ''Company No. 1'' all of its property and assets constituted ''trust property and trust funds'' in the hands of defendant Charlot and the other officers, directors and

stockholders of said company "for the payment of its creditors," and that the acts of defendant Charlot and his associates constituted a wrongful appropriation and conversion by them of the property mentioned, which remained charged with the payment of the debts of the corporation.

It is further averred that after "the fraudulent conveyance, transfer and assignment" of the property and assets of "Company No. 1" to "Company No. 2," "in order to more effectually conceal said property and effects from the creditors of said first named company, and to further deceive them, the same was conveyed, transferred and assigned to said Ozark Cooperage & Lumber Company," which company, it is charged, has disposed of all thereof and converted the same into other property; that all the stockholders of Company No. 1 have removed beyond the jurisdiction of the court excepting defendant Charlot; that the property and assets of "Company No. 1" which came into the hands of defendant Charlot have been by him converted into shares of the capital stock of the Ozark Cooperage & Lumber Company, which shares are in value far in excess of the amount sufficient to satisfy plaintiff's judgment, with interest and costs, and that there is no other property and assets of "Company No. 1" or "Company No. 2" which can be reached by execution or other process of law; and that by reason of the premises plaintiff is without adequate remedy at law.

The prayer of the petition is, "that the shares of the capital stock of the Ozark Cooperage & Lumber Company, above named, now held by defendant Frederick S. Charlot, to the extent that said shares may be found to have been issued to said defendant for property of the above described Ozark Cooperage Company No. 1, be decreed to be subject to the payment of plaintiff's judgment, interest thereon, and the costs of procuring said judgment, and the costs of this suit, and that for the purpose of satisfying said judgment, interest and costs that said shares of stock be seized and impounded, or so much thereof as may be necessary for that purpose, and that in

case said shares of stock can not be, for any reason, so seized and impounded, that then plaintiff have personal judgment against said defendant, Frederick S. Charlot, for the amount due on said judgment, and for the costs of this action," and for general relief.

The answer of defendant Charlot to the amended petition is a general denial, coupled with pleas invoking the Statute of Limitations upon the ground that plaintiff's cause of action accrued more than five years prior to the institution of the suit and was therefore barred.

To that portion of the answer setting up the Statute of Limitations plaintiff demurred, and his demurrer was sustained.

Under a stipulation of counsel the files in the cause in the United States Circuit Court, wherein plaintiff obtained his judgment, were introduced in evidence, and also portions of the transcript of the record in the United States Circuit Court of Appeals showing the proceeding had therein in said cause on writ of error. Plaintiff introduced documentary evidence to prove the incorporation of the three corporations mentioned in the petition, the dissolution or attempted dissolution of the two Missouri corporations, and the licensing of the New Jersey corporation in this State, as alleged.

In support of the allegations of the petition charging a fraudulent conspiracy on the part of defendant Charlot and his associates to defraud plaintiff of the fruits of his judgment, plaintiff called but two witnesses, one an employee of the National Bank of Commerce of St. Louis, and the other defendant Charlot. The testimony of the former tends to show that upon the incorporation of the second company the bank account of the original company continued without change the name being the same; and that after the incorporation of the New Jersey company the account was changed on the bank's books to "Ozark Cooperage and Lumber Company." The testimony of defendant Charlot will be briefly noticed later.

During the trial plaintiff asked and was granted leave to amend his petition by interlineation by inserting the following:

"That on the 19th day of August, 1911, in the circuit court of the city of St. Louis, that plaintiff instituted an action against this defendant and others, which action is No. 73300, in room 6 of the circuit court of the city of St. Louis, returnable to the October term, 1911, of said court, and entitled George W. Walker and others against the Ozark Cooperage & Lumber Company of New Jersey, a corporation, and others, and which action included the name of the defendant here, Frederick S. Charlot . . . and that this action was dismissed as to said Charlot on the 22nd day of May, 1913, and that the present action was brought within one year thereafter."

Thereupon plaintiff introduced in evidence the petition in the suit referred to in this amendment, a not found return made therein by the sheriff as to defendant Charlot, and an entry of dismissal as to that defendant. That suit, begun in the circuit court of the city of St. Louis, was still pending at the time of the trial of this cause below. In fact it came to this court on the appeal of this plaintiff from a final judgment on a demurrer sustained to his petition. We were of the opinion that the appeal was not within our jurisdiction, and hence transferred the cause to the Supreme Court, where, it is said, it is now pending. [See Walker v. Ozark Cooperage Co., 179 S. W. 948.] The petition therein, appearing in the record before us, shows that the suit was instituted against the three companies mentioned above, and defendant Charlot and his associates as well. The petition therein charged a fraudulent transfer of assets from the original company to "Company No. 2" and from that to the New Jersey company, and prayed for the appointment of a receiver to take charge of the assets of all of said companies, and that they be wound up, and "that plaintiff recover his claims out of said assets," and for general relief. No relief was asked against the natural persons joined as defendants.

During the trial of this cause counsel for defendant Charlot moved that plaintiff's suit be dismissed because of the pendency of the said prior suit, and likewise moved to dismiss on other grounds which need not be noticed;

but these motions were overruled. The trial court, sitting as a chancellor, entered a decree for plaintiff which, among other things, adjudged and decreed plaintiff's prior judgment, with interest and costs, to be a lien upon the stock held by defendant Charlot in the Ozark Cooperage & Lumber Co. of New Jersey, and ordered said defendant to surrender his certificates of stock in said company to the sheriff of the county within ten days, to be sold by the sheriff to satisfy plaintiff's claim; and in the event that said certificate should not be so deposited within the time mentioned, then that plaintiff have and recover of said defendant the sum of $2183.28, being the total amount found to be due plaintiff.

In our opinion this decree cannot be permitted to stand. We pass over the point made by appellant regarding the amendment of the petition, and likewise that made regarding the defense of the Statute of Limitations interposed below, and which the trial court disposed of adversely to appellant by sustaining plaintiff's demurrer to that portion of the answer. And it is unnecessary to pass judgment upon the sufficiency of the evidence to warrant the granting to plaintiff of any relief as against this appellant; though we may say that the testimony of the appellant, called as respondent's witness, tends upon the whole, to negative the allegations of the petition respecting the conspiracy and fraud charged.

We regard it as clear that in view of the pendency of plaintiff's suit previously instituted, seeking to follow the assets of the original company, praying for the appointment of a receiver therefor and "that plaintiff recover his claims out of said assets," plaintiff was not entitled to prosecute the proceeding before us. By plaintiff's said prior suit, still pending, he sought to have the alleged fraudlent transfers set aside, and to follow the assets of the original company, as in equity belonging to it and subject to plaintiff's claim as a creditor; whereas by the suit before us plaintiff, in effect, affirms said transfers as having vested the title to these assets in the New Jersey corporation, and seeks relief against this appellant as for a fraudulent conspiracy whereby

these assets were thus put beyond plaintiff's reach, praying that appellant's stock in the New Jersey corporation be impounded and sold to satisfy plaintiff's judgment. The two remedies are inconsistent, and having elected to pursue one of them, with full knowledge of the facts, and being in the actual pursuit thereof, plaintiff is precluded from attempting to pursue the other. [See Nanson v. Jacob, 93 Mo. 331, 6 S. W. 246; Boogher v. Frazier, 99 Mo. 325, 12 S. W. 885; Johnson-Brinkman Commission Co. v. Railroad Company, 126 Mo. 344, 28 S. W. 870; Lilly v. Menke, 143 Mo. 137, 44 S. W. 730; Hargadine-McKittrick Dry Goods Co. v. Warden, Assignee, 151 Mo. 578, 52 S. W. 593; Tower, et al. v. Improvement Co., 192 Mo. 379, 91 S. W. 104; Welsh v. Carder, 95 Mo. App. 91, 68 S. W. 580; 9 R. C. L., pp. 956-971.]

Plaintiff is not entitled to make good his claim out of the corporate assets sought to be reached by the first suit, and also to have a recovery against this appellant upon the theory that he joined in a conspiracy to put such assets beyond plaintiff's reach. Neither may he prosecute concurrently actions in which he thus occupies inconsistent positions; for the two theories are inconsistent and repugnant.

The cases cited by respondent are not controlling in view of the state of the record before us. Neither is there any merit in respondent's contention that the prior suit is not available to appellant for the reason that he did not set up such defense in his answer. The pendency of the suit for the appointment of a receiver appeared in plaintiff's case, and plaintiff put in evidence the petition therein showing the nature of the suit and the relief sought.

The judgment should accordingly be reversed and it is so ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.