EDWARD N. DOEBBELING, APPELLANT, v. BENJ. G. QUIMBY, ET AL., RESPONDENTS.*

Kansas City Court of Appeals.   November 7, 1927.

*Corpus Juris-Cyc References: Abatement and Revival, 1CJ, section 38, p. 45, n. 79; Actions, 1CJ, section 276, p. 1106, n. 48; Ejectment, 19CJ, section 48, p. 1067, n. 1; section 313, p. 1215, n. 20; Election of Remedies, 20CJ, section 33, p. 38, n. 61; Judgments, 34CJ, section 1239, p. 827, n. 26; section 1327, p. 920, n. 67; Replevin, 34Cyc, p. 1367, n. 18; p. 1518, n. 47.

*Grover C. Sparks* and *Lester Vonderschmitt* for appellant.

*Lee Mullins* for respondent.

ARNOLD, J.—This is an action in replevin instituted November 11, 1919, wherein plaintiff claims to be the owner and entitled to possession of a crop of corn which, at the time the suit was brought, was unsevered from the land on which it stood. It appears the cause has been tried three times, first, in the Atchison county circuit court wherein there was a verdict for defendants. A new trial was granted and on change of venue the case was tried in Andrew county resulting in a verdict for plaintiff but afterwards, at the instance of defendants, this verdict was set aside. At the May term, 1927, of the Andrew county circuit court, the cause was submitted to the court sitting as a jury, upon an agreed statement of facts, and judgment was rendered for defendants in the sum of $1150. which the court found to be the value of the crop of corn involved herein. The court further found that at the commencement of this suit defendants were the owners of and entitled to possession of the growing crops on the land described in plaintiff's petition.

For a clear understanding of the case it is necessary to note some facts of record not clearly disclosed in the agreed statement. On November 26, 1927, and for a long time prior thereto, Miriam V. Hall, since deceased, owned a certain tract of land bordering on the Missouri River in Holt county, Mo., which she leased to one B. G. Quimby for a term of five years; that said Quimby, under the terms of said lease, entered into possession thereof on March 1, 1918, and during that year, sublet portions thereof to John L. and Homer B. Quimby who planted, cultivated and harvested the crop thereon; and in the year 1919, the said sub-lessees planted, cultivated and matured the corn in controversy upon land which was an accretion to the land owned by Miriam V. Hall, as aforesaid.

The agreed statement of facts is embraced in eighteen paragraphs, substantially as follows:

(1) That the parties are the same as those in the ejectment suit which previously had been brought in the Holt county circuit court.

(2) In the said ejectment suit plaintiff alleged that he was entitled to possession of the lands (described by metes and bounds, which included the accreted land in question;) that defendants, on April 1, 1919, entered such lands and unlawfully withheld them from plaintiff.

(3) That defendants were duly served with notice of the aforesaid action.

(4) That answer was duly filed therein.

(5) That Miriam V. Hall was made a party defendant on her own motion.

(6) That defendant Miriam V. Hall duly filed her separate answer.

(7) That the case came on for trial at the May term, 1920.

(8) That the jury found the issues as follows: ''We the jury find for the plaintiff, and we find that the plaintiff is the owner of and entitled to the possession of the above-described premises, situated in Holt county, Missouri, to-wit: (This description is identical with the one set out in the stipulation above.) And we further find that the defendants, at the institution of this suit, were in possession of the said lands, and that the said defendants have no right, title, or interest in or to said lands, and we further find the value of the monthly rents and profits of said premises to be $15 per month.''

(9) That in the spring of 1919, defendants Quimby proceeded to cultivate the following tract of land. (Here follows description of the accreted land by metes and bounds.) These lands being part and parcel of the lands later recovered by the plaintiff in the hereinbefore mentioned ejectment suit.

(10) That immediately thereafter, the plaintiff served notice on the defendants to keep off the above-described land, and which notice was not obeyed by the defendants.

(11) That the cause now on trial was filed by the plaintiff in the Holt county circuit court on the 11th day of November, 1919, and summons and writ duly issued; by virtue of which writ the plaintiff went upon the land and gathered the then unsevered crop of corn, and which crop of corn, taken by the plaintiff herein, is hereby agreed between the parties to be, now, of the value of $1150.

(12) It is further agreed that the land from which the corn in the replevin suit was taken, is included in, and a part of the land recovered in the above ejectment suit.

(13) It is further agreed that in the trial of the ejectment suit herein mentioned the issues were found in favor of the plaintiff and judgment was rendered in his favor, accordingly, for the lands described therein.

(14) It is further agreed that the original file in the case on trial taken from the records of the circuit court of Holt county, Missouri, may be used in this case, the transcript of certified copies having been lost. It is further agreed that the exhibited copy of the amended reply may be used in the place of the originals.

(15) It is further agreed that the entire file and record of the proceedings in the ejectment suit, including the petition, the answer, the entry of appearances, the verdict of the jury and the judgment of the court therein is hereby considered in evidence in this case. It is further agreed that no relationship of landlord and tenancy has ever existed as to said lands between plaintiff and defendants herein.

(16) It is further agreed that at the time of the commencement of this suit, defendants Homer B. Quimby, John Quimby and Benjamin Quimby were in possession of the real estate mentioned and described in this suit under a contract of rental made with them by Miriam V. Hall, a defendant herein (who) had claimed said lands and who was also defendant in the ejectment suit referred to, and defendants had been so in possession of said lands for more than one whole year before the ejectment suit was commenced.

(17) It is further agreed that at the time of the commencement of this suit in replevin for the corn in question, the ejectment suit mentioned was pending in the Holt county circuit court against these same defendants and that issues were then joined involving the rights of possession, rents, profits and damages for this plaintiff and against these defendants for the same lands, whereon the corn in question was grown and standing.

(18) It is further agreed that the plaintiff herein under his writ of replevin did take possession of the corn in question, gathering same from the lands herein mentioned while same was in possession of the defendants, and while he, plaintiff, was out of possession of same and that said plaintiff used or disposed of said corn, that the same cannot be returned to or delivered back to defendants, and that the value of the property taken is now $1150.

Upon the facts thus presented the court found:

''The above-stated cause coming on for trial on this the 8th day of December, 1926, the same being one of the regular judicial days of the November term, 1926, of Andrew county circuit court and by agreement of parties, jury being waived, the court sitting as a jury trying said cause, same being submitted to him upon agreed statement of facts, and having seen and examined same, doth find the issues in favor of the defendants, Homer B. Quimby, Benjamin G. Quimby and John L. Quimby; that at the commencement of this suit defendants were the owners of and entitled to the possession of the growing crops upon the lands described in plaintiff's petition,

same being the property in replevin; that the value of said property as shown by said statement of facts at this date is found to be $1150, and the court sitting as a jury doth further find that the corn taken under the writ of replevin in this case by the plaintiff was by said plaintiff disposed of, or consumed and cannot be returned to the possession of the defendants.

"WHEREFORE, it is ordered, considered and adjudged by the court that defendants Homer B. Quimby, John L. Quimby and Benjamin G. Quimby do recover of the plaintiff, Edward N. Doebbeling and ——————— his bondsmen herein, the sum of $1150 with interest from this date at six per cent per annum and for $——————— costs herein expended and that defendants have execution for same."

Motions for new trial and in arrest of judgment were overruled and plaintiff has appealed.

In the said ejectment suit tried prior to the present case, there was a judgment for plaintiff for the possession of the land in question, and $15 per month for rents and profits from the date of said judgment until the restoration of the premises. This case is now pending on appeal in the Supreme Court. The judgment in ejectment fails to assess damages, although pleaded in plaintiff's petition. While the ejectment suit was pending, the present suit was instituted.

It is plaintiff's position that action in replevin by the owner of the land will lie where the crop planted by an intruder remains unsevered, basing his contention largely upon the opinion by this court in Stephens v. Steckdaub, 217 S. W. 871, which holds, in effect, that a tenant or cropper who plants crops under a landlord who has no title, has no title to the crop; and where the land is recovered in ejectment by the true owner, the latter is entitled to the crops standing thereon, or growing thereon, at the time of the restitution, and that this rule is not changed by section 2841, Revised Statutes 1909 (Sec. 2234, R. S. 1919) relating to rights of tenants under mortgage.

The application of the rule announced in the Steckdaub case is not possible in the present case, for here it is not a question of a crop being raised or in cultivation after judgment for rents and profits in ejectment. Here, plaintiff had his judgment for the lands upon which the crops were grown and in said judgment he had adjudicated the question of damages for wrongful detention. We cannot say that plaintiff is entitled to further recovery except for the rents and profits accruing after the judgment in ejectment.

This question was fully discussed and determined against plaintiff's contention in Lee v. Bowman, 55 Mo. 400, 404, where it is said:

"There was evident error, however, in not rejecting all the evidence offered by the defendants concerning rents and profits in support of their counterclaim; and in not confining their evidence as to waste and injury to a period subsequent to the rendition of the judgment in ejectment. And the very plain provisions of paragraphs 13, 15 and 16 of the ejectment act conclusively show this. For paragraph 13 provides that the prevailing plaintiff shall recover damages for all waste and injury, and by way of damages the rents and profits, down to the time of assessing the same. . . . The result, therefore, of the judgment in favor of the defendants, was to merge and include in such judgment, all injuries resulting from the adverse occupancy, the accruing rents and profits down to the time of obtaining possession, and the damages for waste and injury at the time of the assessment thereof."

The law as it now exists was tersely declared in Adams v. Gilchrist, 63 Mo. App. 639, 647, where it is said:

"The plaintiff's rents and profits from the commencement of the suit to the time of trial were necessarily included in the assessment of the damages. Plaintiff could have no claim for damages other than that which was determined in the action of ejectment."

It must be held in the instant case that the plaintiff's entire claim for damages, rents and profits was included in the judgment in the ejectment suit. Plaintiff may not split up his demands into separate actions, but must include them all in one action. [Stump v. Horback, 109 Mo. 272; Boutell v. Warne, 62 Mo. 350; Funk v. Funk, 35 Mo. App. 246; Koenig v. Morrison, 44 Mo. App. 411.] The judgment in the ejectment suit being silent as to damages and plaintiff being entitled to nominal damages, he should have had the verdict amended to make such allowance. But this was not done. Plaintiff, having pleaded the matter in his petition, the said judgment is *res adjudicata* upon all matters so pleaded.

Defendants insist, and we think properly, that plaintiff is not entitled to recover for the further reason that he had two actions pending for the same relief. This being true, the first action must prevail and the latter be abated. This ruling is in accord with the third clause of section 1226, Revised Statutes 1919, and the situation seems to be controlled by section 1230, Revised Statutes 1919, as follows:

"When any of the matters enumerated in section 1226 do not appear upon the face of the petition, the objection may be taken by answer. If no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court over the subject-matter of the action, and excepting the objection that the petition does not state facts sufficient to constitute a cause of

action." [See Walter Com. Co. v. Gilleland, 98 Mo. App. 584; Michelin Tire Co. v. Webb, 143 Mo. App. 679, 127 S. W. 948.]

Plaintiff may not be allowed to recover herein for the further reason that, under the agreed statement of facts, he was not in possession of the land, the same being in possession of an adverse claimant thereof. It must be held that under this state of facts the land was not in possession of a mere intruder. [Yoakum v. Davis, 162 Mo. App. 253, 259, 144 S. W. 877.] Section 1815, Revised Statutes 1919, provides:

"An action for the recovery of the possession of premises may be maintained in all cases where the plaintiff is legally entitled to the possession thereof."

The fair deduction is that ejectment will not lie where the plaintiff therein is in possession of the premises. Plaintiff's petition in the ejectment suit, as shown by the abstract of the record, alleged he is entitled to the lands described therein, being the same lands upon which the corn was standing at the institution of the replevin suit, which said lands plaintiff alleges were formed by accretions by the Missouri River. It appears the ejectment suit was instituted at the October term, 1919, of the Holt county circuit court. The corn in question was grown the same year and while plaintiff was not in possession thereof. It follows that plaintiff is placed in the anomalous position of not being in possession of the land for the purposes of the ejectment suit and being in possession thereof for the purposes of the replevin suit. It has been held that where a party has his choice of two inconsistent remedies and elects to pursue one of them, with knowledge of the facts, he is precluded from pursuing the other. [Nanson v. Jacob, 93 Mo. 331; Boogher v. Frazier, 99 Mo. 325; Walker v. Charlot, 197 Mo. App. 536, 196 S. W. 1085.]

Plaintiff's right of possession of the growing crops is dependent wholly on his right to possession of the land, and we may not, in an action in replevin, determine the title or right to possession of the land when defendant's possession is adverse. Plaintiff cites a number of cases in support of his claim that replevin will lie for right to growing or unsevered crops; but on examination we find them to be cases where there existed the relation of landlord and tenant, where there was a constructive severance of the crop, or where the question of adverse possession is absent.

In this view of the law we must hold that the refusal of the trial court to give the declarations of law sought by plaintiff was not error. The foregoing covers all the points raised by plaintiff in this appeal. Finding no reversible error of record, the judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.