ISAAC BEECHAM, Administrator, Plaintiff in Error, v. W. H. EVANS, Defendant in Error.

Kansas City Court of Appeals, March 29, 1909.

TRIAL PRACTICE: Judgment: Costs: Retaxing: New Trial: Exceptions. The trial court in a replevin suit rendered judgment finding part of the property for the plaintiff and a part for the defendant and divided the costs between the parties. *Held*, the error, if any in taxing the costs, was a part of the judgment and can only be reached by motion for new trial and not by a motion to retax costs; and the rule that the judgment is in the breast of the court during the term does not authorize a motion to retax so as to make the court's action thereon a matter of exception.

Error to Jasper Circuit Court.—*Hon. Hugh Dabbs, Judge.*

AFFIRMED.

*R. A. Mooneyham* and *Harry Phelps* for plaintiff in error.

(1) Section 1547, Revised Statutes 1899, provides that "In all civil actions or proceedings of any kind the party prevailing shall recover his costs against the other party except those cases in which a different provision is made by law." Hechct v. Heiman, 81 Mo. App. 370; R. S. 1889, sec. 2925; R. S. 1899, sec. 1552; Lamb v. Railley, 127 Mo. App. 729. (2) The prevailing party is entitled to recover costs unless there is a different rule prescribed by law. R. S. 1899, sec. 1547; Dupont v. McLaren, 61 Mo. 511; Vinyard v. Lynch, 86 Mo. 684; Hechct v. Heiman, 81 Mo. App. 373; Wischmeyer v. Richardson, 153 Mo. 559; Vanderberg v. Gas Co., 199 Mo. 461; Bybee v. Eyrens, 33 Mo. App. 659; R. S. 1899, secs. 1547, 1552. (3) "A judgment remains in the breast of the court during the entire term at which it is rendered, and may be set aside or vacated (or corrected) at any time during such term." Harkness v. Jarvis, 182 Mo. 231; Weed v. Weed, 25 Conn. 337; Black on Judgments (2 Ed.), sec. 163; Simmons v. Craig, 132 N. Y. 550, 33 N. E. 76.

*C. H. Montgomery* for defendant in error.

(1) The taxing of costs in this case was part of the judgment, and cannot be reached by motion to retax costs. It can only be reached by motion for a new trial and that within four days after judgment. Bosley v. Parle, 35 Mo. App. 236; Paul v. Co., 87 Mo. App. 647, 656; Mann v. Warner, 22 Mo. App. 577.

BROADDUS, P. J.—The plaintiff sued in replevin to recover the possession of "300 chickens, one two-months old calf, 2 cows, 2 wagons, old, 32 hogs (extra large), one barn, 2 sets buggy harness, 4 outhouses plunder, 1 five-room house, 1 sideboard, 1 ice-

box, 1 dining room table, 1 cooking stove, 1 heating stove, dishes, pans, cooking utensils, 3 iron beds, 10 chairs, 1 two-seated surrey (rubber tire), 1 single buggy, 1 bay mare, 1 bay horse, barb wire, fence posts, 1 mule (iron gray), 1 black horse, 1 wagon and harness."

The Hon. Joseph D. Perkins was appointed referee to hear the testimony and make a finding as to the law and facts of the case. In due time, the referee heard the case and filed his report. According to the report, a part of the property was found to belong to the plaintiff and a part thereof to the defendant. Both parties filed exceptions to the report. On 27th day of January, 1908, it being on the nineteenth judicial day of said term, the court overruled the said exceptions and rendered judgment for plaintiff for the property shown by the referee's report to belong to him and rendered judgment for defendant for that part said report said belonged to him, and divided the costs equally between the parties.

On the 7th day of February, 1908, plaintiff filed a motion to correct the judgment and retax the costs. On the 8th day of February, 1908, it being the twenty-ninth judicial day of the term, plaintiff's motion was overruled, from which action of the court in overruling his motion the plaintiff appealed.

Without expressing any opinion as to the propriety of the action of the court in taxing a part of the costs in a suit in replevin against the plaintiff when the plaintiff recovers any part of the property replevined, we are constrained to hold that the error, if one, cannot be corrected by a motion not filed within four days after the rendition of the judgment. This is not properly a motion to retax costs, but is a motion to correct the judgment itself.

"When items of costs are specifically allowed by the trial court and adjudged against a party, such allowance and judgment cannot be reached by the ordi-

nary motion to retax, which is applicable only to the ministerial taxation of costs by the clerk after entry of judgment. A motion for a new trial, within the proper time, is the only way for obtaining revision of a specific judgment for costs." [Bosley v. Parle, 35 Mo. App. 232; Paul v. Threshing Machine Co., 87 Mo. App. 647.]

Plaintiff in error has cited authorities to the effect that, "A judgment remains in the breast of the court during the entire term at which it is rendered and may be set aside or vacated at any time during such term." [Harkness v. Jarvis, 182 Mo. 231.] While such is the law, it will not avail plaintiff. While the judge at his own instigation may exercise such right, the law imposes the duty upon a party to the cause, if he thinks there has been any injustice done him, to file his motion within four days from the day of the rendition of the judgment.

Affirmed. All concur.