Parkes v. Woolsey.

J. W. PARKES, Respondent, v. ED. S. WOOLSEY, Appellant.

Kansas City Court of Appeals, December 21, 1914.

JUDGMENTS: Motion to Retax Costs. The defendant prevailed in a civil trial. The next day the plaintiff filed a motion asking the court to adjudge certain costs against defendant. This was done and no appeal taken. Afterwards, during the same term, defendant filed a motion to retax these costs which the court overruled. Defendant then filed a motion in this latter proceeding for a new trial and appealed from the latter judgment. It was *held* the appeal could not be sustained and that it should have been taken from the first judgment.

Appeal from Moniteau Circuit Court.—*Hon. J. G. Slate*, Judge.

AFFIRMED.

*S. C. Gill* for appellant.

(1) "In all civil actions or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." Sec. 2263, R. S. 1909. (2) There being no evidence that appel-

lant summoned any witness vexatiously or for the purpose of making unnecessary costs, he being the prevailing party is entitled to recover all costs. Lamm v. Railley, 127 Mo. App. 726. (3) There can be but one prevailing party and he is entitled to all his costs. Ozias v. Haley, 141 Mo. App. 637. (4) Where one party prevails on the issues, he is entitled to full costs, and the court has no discretion in taxing same. Minor v. Garhart, 122 Mo. App. 124; Lucas v. Brown, 127 Mo. App. 645; Dupont v. McLaran, 61 Mo. 511.

*Roy L. Kay* and *J. B. Gallagher* for respondent.

(1) The costs assessed by the court against the appellant were assessed because certain witnesses were found to have been vexatiously summoned by him and not used in the trial of the cause. The costs of witnesses vexatiously summoned should be taxed against the party making such costs. Lamm v. Railey, 127 Mo. App. 730. (2) Vexation may mean, within a mere dictionary definition, trouble or annoying inconvenience to which a party is put in going to law. Williamson v. Liverpool, L. & G. Ins. Co., 105 Fed. 31.

ELLISON, P. J.—Plaintiff brought an action against defendant for damages suffered by reason of defendant's assault and battery. A judgment was rendered for defendant on the 6th day of May, 1914, during the May Term which included the usual judgment for costs in defendant's favor against plaintiff. Plaintiff, during the term and on the next day, filed a motion to tax against the defendant costs of certain witnesses which had been subpoenaed by defendant and were not used at the trial, amounting in all to $31.80. The court sustained this motion and adjudged such costs against defendant. The latter did not file

a motion for new trial, nor did he appeal from the judgment on the motion. But afterwards, on the 4th of June, defendant filed a motion to retax the costs thus adjudged against him and on June 8th this motion to retax was overruled. Defendant then filed a motion for new trial which was overruled and an appeal taken from the last judgment.

It thus appears that the trial court rendered a judgment for certain costs against the defendant which would, but for such judgment, have been taxed by the clerk against the plaintiff who was the losing party. No appeal was taken from that judgment. But, instead, defendant filed a motion to retax such costs and the court rendered judgment refusing to retax. From this latter judgment defendant appealed after his motion for new trial had been overruled.

The appeal cannot be sustained. When the court rendered judgment taxing the costs against defendant he should have appealed from that judgment: Mann v. Warner, 22 Mo. App. 577; Bosley v. Parle, 35 Mo. App. 232; Paul v. Threshing Mach. Co., 87 Mo. App. 647; Beecham v. Evans, 136 Mo. App. 418.

The judgment is affirmed. All concur.