BANK OF DARLINGTON IN LIQUIDATION, ETC., RESPONDENT, v. L. AT-
WOOD, APPELLANT.—36 S. W. (2d) 429.

Kansas City Court of Appeals. November 3, 1930.

*F. P. Stapleton,* and *Cook & Cummins* for respondent.

*G. A. Stultz* and *Geo. P. Adams* for appellant.

CAMPBELL, C.—On the 20th day of October, 1927, the Finance
Commissioner of the State of Missouri took over the property, busi-
ness and affairs of the Bank of Darlington at Darlington, Gentry
county, Missouri, said bank being insolvent at that time. Thereafter,
this action was brought at the instance of said commissioner to re-
cover an alleged overdraft, evidenced, according to the allegation of
the petition, by a number of checks, the date and amount of each
being stated.

There is a further allegation that the assistant cashier and book-
keeper of the bank who received and paid the checks failed and

neglected to enter them on the books of the bank as a charge against defendant's account, thus making it appear that defendant had a balance in his account subject to check.

The pertinent parts of defendant's answer are that he was a customer of plaintiff bank during the years 1925, 1926 and 1927; that during all of that time he had a deposit in said bank sufficient to pay all checks given by him; that in truth, at the time said bank closed and was taken over by the finance commissioner, the bank was indebted to him in the sum of $339.03 and other large sums of money for which he should have received credit, and that on certain named dates, beginning on the 24th day of February, 1925, and ending on the 15th day of August, 1927, he made deposits of specific amounts on certain named dates for which he had not received credit in his account and, by way of cross-action, he asks judgment for $339.03. The reply was, in effect, a general denial.

After the issues were thus joined, plaintiff filed motion in which it is recited that a trial of the cause involved the examination of a long account, to-wit, the account of defendant in plaintiff bank throughout a number of years; that a multiplicity of issues are presented by the pleadings, each of which presents a separate question, and that the account to be examined is so long and the issues to be determined are so involved in tracing of notes and deposits in the bank that it is impossible to present the evidence to a jury in a manner that may be understood and carried in the minds of a jury throughout the trial.

The court sustained that motion and by its order of record appointed Edward G. Robinson referee for the purpose of determining both questions of law and fact and directing that he report his finding to the court. The referee heard the cause, made a finding that plaintiff was entitled to recover the sum of $783.65 with interest from the date of judgment and the costs of this action, and that defendant was not entitled to recover on his cross-action. The trial court approved the report and entered judgment in accordance therewith.

The first question presented by appellant is that it was error for the court to appoint a referee. The record reveals exception was not saved to the order appointing a referee.

It is well established that absent adverse rulings, and exceptions saved thereto, there is nothing before this court for review. [Gann v. Chicago, Rock Island & Pacific Railway Company, 319 Mo. 214, 6 S. W. (2d) 39.] If it is necessary to enable this court to review the action of the trial court in appointing the referee, that an exception thereto be saved, then there is nothing before this court on that subject to be reviewed. Appellant argues that the order appointing the referee is record proper and reviewable without an exception.

He relies upon the holding in Kansas City v. Smith, 238 Mo. 323, 141 S. W. 1103, that where a litigant in an action at law demands a jury and the demand is refused, advantage may be taken of such action on appeal, although no exception is saved. In the instant case defendant did not request a jury nor did he, so far as the record reveals, object to the appointment of a referee, except that following the order of appointment, in the record proper, it is recited that "defendant excepts."

It has uniformly been held that the action of a trial court on an application for change of venue will not be reviewed unless exceptions were saved and the matter brought to the attention of the court by motion for new trial. [Wolff v. Ward, 104 Mo. 127, 145, 16 S. W. 161; Gibney v. Transit Company, 204 Mo. 704, 717, 103 S. W. 43.]

It has been ruled that the action of the court upon a motion for judgment on the pleadings will not be reviewed unless exception thereto has been preserved in the bill of exceptions. [Leahy v. Mercantile Trust Company, 296 Mo. 561, 586, 247 S. W. 396.]

The appointment of a receiver is a matter of exception and will not be reviewed on appeal in the absence of an exception preserved in the bill of exceptions. [Tuttle v. Blow, 163 Mo. 625, 643, 63 S. W. 839; Miller v. Falloon, 187 S. W. 839.]

It seems to us the appointment of a receiver is analogous to the appointment of a referee. The point is therefore ruled against appellant.

2. At the beginning of the trial before the referee the defendant objected to the taking of testimony for the reason that the action is based on the fraud and deceit of the assistant cashier of the plaintiff bank and that her knowledge was the knowledge of the bank and therefore the bank could not recover, and because no long account was involved in the action. The objection was overruled and evidence heard by the referee.

The plaintiff's evidence is that beginning in January, 1926, and ending in October, 1927, at various times checks drawn by the defendant on plaintiff bank were paid by that bank, laid aside, and not charged to his account. The assistant cashier who gave this evidence stated that the board of directors of the bank would not permit her to allow a customer to overdraw his account and she therefore concealed from them the fact that said checks were paid and laid away, as stated by her. Her evidence on this subject is not entirely consistent, in that she also stated that at various times on the incoming of checks she went to the defendant's store and received money to discharge them.

Defendant's wife was his bookkeeper, wrote all of the checks in question, except one, and seems to have attended to his business with

the plaintiff bank. Her testimony clears the situation. She stated that when the bank closed, there were checks issued by her that had not been returned or entered on defendant's pass book; that the assistant cashier of the bank came to her with some checks, evidently the ones in question, and that they checked them against her checks and found that the same had not been checked on defendant's account as kept by her; that at various times when defendant's checks were returned by the bank she would not strike a balance to see whether the balance the bank showed and the balance on the books kept by her corresponded; that for the purpose of keeping the defendant's books she accepted the balance shown on the pass book; that each month she accepted the balance shown on the pass book and entered that sum as the balance of the account on the books kept by her for defendant; that she had not found that the bank had charged the defendant's account with more checks than had actually been written; that when the bank book was returned to her she did not, at any time, find any item charged to the defendant's account that should not have been charged to it; that when the assistant cashier came to her for money to take up checks that had been drawn on defendant's account, money was given to the assistant cashier, but that such sums were always entered as a deposit in the defendant's passbook, and she thought she had received credit for the proper amount so paid to the assistant cashier.

There was substantial evidence to sustain the finding of the referee that an overdraft existed in the sum found by him. We do not find any evidence to sustain the cross-action of defendant. Moreover, there was substantial evidence that defendant had received credit for all sums deposited by him in the plaintiff bank, and the referee so found. The finding of the referee as to the amount of the overdraft and that defendant had received credit for all sums deposited by him in plaintiff bank and that defendant was therefore not entitled to recover on his cross-action, is supported by substantial evidence, stands as the verdict of a jury, and having been approved by the trial court, is binding on this court. [Tufts v. Latshaw, 172 Mo. 359, 72 S. W. 679.]

3. Defendant argues that plaintiff cannot recover because its assistant cashier was guilty of a fraud when she concealed the fact of the payment of defendant's checks and did not charge them to his account, but on the contrary, made up defendant's pass book from time to time, showing a balance, when if all of the checks had been charged to his account, an overdraft would have been shown; that the knowledge of said assistant cashier of the wrong committed by her was, in law, the knowledge of the bank. The referee found the other officers of the bank "knew nothing of this practice." Knowledge of the practice will not be imputed to the bank. [Emory v. Insurance Company, 295 S. W. 571, 21 R. C. L. 843.]

The referee found that defendant had overdrawn his account and thus received the sum of $783.65 more than he had deposited in the bank. The failure of the assistant cashier to charge the checks to defendant's account did not increase or decrease the amount paid to the use of defendant. The overdraft is a debt, an irregular loan, owing by the defendant to the plaintiff and should be paid. The case presents none of the necessary elements of estoppel. [Shields v. McClure, 75 Mo. App. 631, 641.] The fraud of the assistant cashier in keeping false books does not estop the bank from collecting what is actually due it. [Chew v. Ellingwood, 86 Mo. 260, 272.]

4. Shortly before the bank closed the checks mentioned in the petition were entered upon the bank record as charges against defendant's account. The bank record containing those items was introduced in evidence over defendant's objection, the defendant contending the record was not admissible, because false. The referee sustained the objection, saying that he would let the matter go into the record, but that he would not give it any weight as he did not consider it of any evidential value. Later in the trial he said he would admit that account for what it is worth. The book account was in and of itself of no evidential value, but it, together with disputed checks, were used for the purpose of refreshing the recollection of the assistant cashier. Appellant was not harmed by that. The dispute finally resolved itself into whether or not the checks referred to in the petition were paid by the bank and, if so, was defendant's account thereby overdrawn? The referee found for the plaintiff on both of those issues. That finding is supported by substantial evidence, was confirmed by the circuit court, and the weight of the evidence is not a matter to be reviewed by this court.

5. Error is assigned in brief to the action of the court in taxing the sum of $100 as costs in favor of the referee. The action of the trial court in that respect is not mentioned in the motion for new trial, and the point is therefore ruled against appellant.

Your Commissioner recommends the judgment be affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is hereby adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.,* absent.

## ON REHEARING.

CAMPBELL, C.—It is claimed that five of the checks were not entered as charges against defendant's account until after the bank closed. There is evidence to support that claim. Whether the checks

were entered upon the bank's records as charges against defendant's account before or after the bank closed, is immaterial.

When the bank paid the defendant's checks in an amount in excess of the sum deposited by him, the right to recover the difference matured and the entry or withholding of the checks as charges against defendant's account upon the bank's records in no way affected that right.

It is contended defendant had the right of trial by jury and that that right was not waived.

It is provided by section 1398, Revised Statutes 1919, that an issue of fact in an action for the recovery of money . . . must be tried by jury unless a jury trial be waived "or a reference ordered as hereinafter provided."

The court had jurisdiction to rule upon, and it did rule upon, the motion to appoint a referee. Having jurisdiction of that question, the court order appointing the referee was not void; at most it was only erroneous. After the order appointing the referee was entered of record, neither party had the right of trial by jury, so long as that order was not set aside, even though it was erroneous. Had defendant desired to question the propriety of the action of the court in appointing a referee, he should have objected at the time, and if his objection was overruled an exception should have been saved by bill of exceptions. He did not do either, and the order not being void, we cannot review the ruling.

It is asserted in motion for rehearing that the allowance of costs in favor of the referee is record proper and reviewable without the saving of an exception thereto. The amount and taxation of the referee's costs required judicial investigation and determination and is not reviewable on appeal in the absence of any complaint in the motion for new trial. [Beecham v. Evans, 136 Mo. App. 418, 421, 117 S. W. 1190; Schawacker v. McLaughlin, 139 Mo. 333, 345, 40 S. W. 935; Bosley v. Parle, 35 Mo. App. 232, 236.]

The motion for rehearing is overruled. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing additional opinion by CAMPBELL, C., is hereby adopted as the opinion of the court. The motion for rehearing is overruled. All concur, except *Trimble, P. J.,* absent.