261 S.W.2d 526 (1953)
MEISEL
v.
MUELLER et al.
No. 28633.
St. Louis Court of Appeals. Missouri.
October 20, 1953.
*528 J. Raymond Dyer, St. Louis, for appellant.
John C. Casey, John Mohler, St. Louis, for respondents.
RUDDY, Judge.
This is an appeal by plaintiff from an order of the Circuit Court sustaining motions of the defendants to dismiss plaintiff's petition. We will refer to the parties as plaintiff and defendant Mueller and defendant Telephone Company.
On January 11, 1952, plaintiff filed a petition in the Circuit Court of the City of St. Louis against the defendant Telephone Company and defendant Mueller. This suit was numbered 52058-D in said Circuit Court. The petition is lengthy and it will be sufficient to set out the essence of the allegations contained in said petition.
Plaintiff alleged that for twenty years and more he had been engaged in the slate roofing business in the City of St. Louis and surrounding territory under the trade name of Aalco Slate Rfg. Co., which name he alleged was registered under the fictitious names statutes, to-wit, Section 417.200 et seq. RSMo 1949, V.A.M.S.
Plaintiff further alleged that defendant Mueller has for twelve years or more been in the tar roofing business in the City of St. Louis and surrounding territory and has also engaged in the slate roofing business; that he is operating said roofing business "under the unregistered, unlicensed trade name of Aalco Slate Rfg. Co., contrary to the provisions of RSMo 1949 Section 417.230 [V.A.M.S.]," and further alleged that failure to register a fictitious trade name constitutes a misdemeanor.
Plaintiff further alleged that defendant Telephone Company "publishes or causes to be published a book, designated Greater St. Louis Telephone Directory, which it distributes to its customers, subscribers and patrons," which book "lists the names of its customers, subscribers and patrons, alphabetically"; that in the classified portion of said directory "known as the Yellow Pages, * * * business, professional and other telephone subscribers" list advertisements under the headings of their respective businesses or professions in alphabetical order; that he has for many years advertised in said yellow pages and that "by contractual arrangement with defendant Telephone Co. has had his business listed, as Aalco Slate Rfg. Co. in said Yellow Pages * * * under the heading `Roofers' * * * for which plaintiff paid the charge exacted of him"; that he listed his said business in the July 1951 directory; that his listing in said directory constituted "his sole source of direct advertising" and that his customers would look under the caption "Roofers" in said yellow pages when they needed roofing service.
Plaintiff further alleged that he and defendant Mueller "some dozen or more years ago" entered into an arrangement whereby "defendant Mueller, would refer to plaintiff all prospective customers who contacted him, defendant Mueller, by telephone or otherwise, respecting slate roofing service to be performed, if plaintiff would refer to defendant Mueller all prospective customers who contacted plaintiff, by telephone or otherwise, respecting tar roofing service to be performed"; that plaintiff cancelled said arrangement several years later when he learned that defendant Mueller was breaching the arrangement.
Plaintiff further alleged in said petition filed January 11, 1952, that defendant Telephone Company printed or caused to be printed in the July 1951 telephone directory in the yellow pages thereof, "under the heading `Roofers,' but ahead of the listing of plaintiff as Aalco Slate Rfg. Co., and in a space twice the size thereof, the listing to defendant Mueller as Aalco Slate Rfg. Co., giving defendant Mueller's address and telephone number"; that in listing the advertisement of said defendant Mueller as aforesaid defendant Telephone Company digressed from its regular custom *529 and practice of listing names in their alphabetical order.
Plaintiff further alleged that "defendant Telephone Co., contrary to the provisions of * * * RSMo 1949, Section 417. 230 [V.A.M.S.], wrongfully and unlawfully placed defendant Mueller in business under the trade name Aalco Slate Rfg. Co., which trade name was that of plaintiff, and rightfully plaintiff's property, and not that of defendant Mueller, the same being registered by plaintiff under said statute over a long period of time * * *"; that the failure of defendant Telephone Company to list the advertisements in alphabetical order gave less prominence to plaintiff's advertisement and that by reason thereof plaintiff suffered loss of business.
Plaintiff further alleged that defendant Telephone Company had notice that plaintiff had the right to use the trade name Aalco Slate Rfg. Co. and that defendant Mueller did not have such right and despite such notice defendant Telephone Company caused said advertisement to be placed in its July 1951 directory and that by doing so defendant Telephone Company placed defendant Mueller in business under the trade name Aalco Slate Rfg. Co. In his prayer in said petition plaintiff asked for exemplary damages "together with Five Thousand Dollars ($5,000) punitive damages for such wrongful and unlawful trade name piracy." (Emphasis ours.)
After the petition was filed, negotiations for settlement, which had taken place prior to the filing of the petition, continued between counsel for plaintiff and counsel for defendant Telephone Company. As a result of these negotiations, plaintiff and plaintiff's attorney executed a release wherein they acknowledged receipt of the sum of $600 paid by the defendant Telephone Company and said release, among other things, provided as follows:
"This settlement is also in full satisfaction of the suit now pending in the Circuit Court of the City of St. Louis, State of Missouri, Case No. 52058-D, entitled `Leo Meisel, d/b as Aalco Slate Rfg. Co., plaintiff, vs. Herbert Mueller, d/b as Aalco Slate Rfg. Co., and Southwestern Bell Telephone Co., a corporation, defendants.'"
The sum of $600 was paid by a check of the defendant Telephone Company made payable to plaintiff and plaintiff's attorney and was cashed by them. Pursuant to the aforementioned provision in the release a "Stipulation for Dismissal" was executed by the attorneys for plaintiff and defendants Mueller and Telephone Company and was filed in the Circuit Court of the City of St. Louis. The language of the stipulation is as follows:
"Comes now the plaintiff and defendants in the above entitled cause and announce to the Court that they have effected a final, compromise settlement of the issues in dispute between them and that plaintiff has received of defendant, Southwestern Bell Telephone Company, the full amount to be paid as consideration for such settlement; that, accordingly, this cause shall be dismissed with prejudice to any other further claim, demand, or action because of the matters and things set forth in the petition herein, at the cost of the defendant, Southwestern Bell Telephone Company."
Following the filing of the stipulation, a judgment of dismissal was entered by the Circuit Court which provided, among other things, "that this cause (No. 52058-D) be dismissed, with prejudice." (Parenthesis ours.)
On March 5, 1952, plaintiff filed another petition against the same defendants. This suit was numbered 53558-D. In order to better understand the issues raised in this appeal we think it necessary that the essence of the allegations of said petition be related. Many of the allegations in the petition filed in the second suit were identical with those contained in the petition in the first suit.
In the petition filed in the second suit plaintiff alleged that for twenty years or *530 more he had been engaged in the slate roofing business in the City of St. Louis and surrounding territory under the trade name of Aalco Slate Rfg. Co. which name he alleged was registered under the fictitious names statutes, to-wit, Section 417.200 et seq. RSMo 1949, V.A.M.S.
Plaintiff further alleged that defendant Mueller has for twelve years or more been in the tar roofing business in the City of St. Louis and surrounding territory and has also engaged in the slate roofing business; that he is operating said roofing business "under the unregistered, unlicensed trade name of Aalco Slate Rfg. Co., contrary to the provisions of R.S.Mo. 1949 Section 417.230 [V.A.M.S.]" and that failure to register a fictitious name constitutes a misdemeanor.
Plaintiff further alleged that defendant Telephone Company "publishes, or causes to be published, a book designated Greater St. Louis Telephone Directory which it distributes to its customers, subscribers and patrons," which book "lists the names of its customers, subscribers and patrons, alphabetically"; that in the classified portion of said directory "known as the Yellow Pages, * * * business, professional and other telephone service subscribers" list advertisements under the headings of their respective businesses or professions in alphabetical order; that he has for many years advertised in said yellow pages and that "by contractual arrangement with said Telephone Co. has had his business listed, as Aalco Slate Rfg. Co., in said Yellow Pages * * * under the heading `Roofers' * * * for which plaintiff paid the charge exacted of him"; that he listed his said business in the July 1951 directory; that his listing in said directory constituted "his sole source of direct advertising" and that his customers would look under the caption "Roofers" in said yellow pages when they needed roofing service.
Plaintiff further alleged that he and defendant Mueller "some dozen or more years ago" entered into an arrangement whereby "defendant Mueller, would refer to plaintiff all prospective customers who contacted him, defendant Mueller by telephone or otherwise, respecting slate roofing service to be performed if plaintiff would refer to defendant Mueller all prospective customers who contacted plaintiff, by telephone or otherwise, respecting tar roofing service to be performed"; that plaintiff cancelled said arrangement several years later when he learned that defendant Mueller was breaching the arrangement.
Plaintiff further alleged in said petition filed March 5, 1952, that in the yellow pages of the July 1951 telephone directory there appeared "under the heading `Roofers,' ahead of the listing of plaintiff therein as Aalco Slate Rfg. Co., in a space twice the size of plaintiff's space, a listing of defendant, (Mueller) also as Aalco Slate Rfg. Co. giving defendant's (Mueller) address and telephone number." (Parentheses ours.)
Plaintiff further alleged that, alphabetically, the name Mueller would come after plaintiff's name, Meisel, and that by reason of said "out-of-alphabetical-order listing," plaintiff had a claim against said Telephone Company and that because plaintiff has registered under the fictitious names statutes the name, Aalco Slate Rfg. Co., defendant Mueller had no right to use such name and that by reason of the listing by the defendant Telephone Company of defendant Mueller's advertisement under the name Aalco Slate Rfg. Co., plaintiff had a claim against either or both defendants.
Plaintiff further alleged that he "voiced" said "claim, based on said alphabetical-out-of-order listing," against defendant Telephone Company and said claim "based on said improper listing of defendant's address and telephone number under plaintiff's said trade name," in a suit filed January 11, 1952, given No. 52058-D.
Plaintiff further alleged "that said Telephone Co. agreed to settle said suit (No. 52058-D) insofar as its liability to plaintiff was concerned, by agreement made and entered into with plaintiff, orally, on January 24, 1952, under which agreement plaintiff undertook to dismiss said cause as to said Telephone Co." (Parenthesis ours.)
*531 Plaintiff further alleged that "said Telephone Co. improperly, and in violation of its agreement with plaintiff, placed on the $600 check it tendered plaintiff a purported agreement to dismiss said suit in its entirety, as to both of said defendants, and gave to plaintiff, rather than plaintiff's attorney, a release reciting that `This settlement is also in full satisfaction of the suit now pending in the Circuit Court of the City of St. Louis, State of Missouri, Case No. 52058-D, entitled "Leo Meisel, d/b as Aalco Slate Rfg. Co., plaintiff v. Herbert Mueller, d/b as Aalco Slate Rfg. Co., and Southwestern Bell Telephone Co., a corporation, defendants."'"
Plaintiff further alleged that "he endorsed and cashed said check and signed said release and returned it to said Telephone Co.; that he thereby released said Telephone Co. from all claims voiced in said suit (No. 52058-D) * * * but not defendant Mueller, * * * that said release of defendant Mueller so secured is invalid and of no force and effect, and cannot be availed of by defendant Mueller * * *"; (parenthesis ours) that the only charge made against defendant Mueller in case No. 52058-D was for the inclusion of defendant Mueller's address and telephone number under plaintiff's trade name in the yellow pages of the July 1st, 1951 telephone directory; that the claim made against defendant Mueller in the second petition is for trade name piracy; that defendant Mueller took no steps to rectify the incorrect listing of said yellow pages but instead "used and uses the name Aalco Slate Rfg. Co. by referring to himself as such when answering the telephone, that trade name being plaintiff's property and not the property of defendant Mueller."
Plaintiff further alleged that defendant Mueller's use as aforesaid of plaintiff's said trade name was in violation of Section 417.230 RSMo 1949, V.A.M.S., which violation has resulted in great profit to defendant Mueller through gain of the patronage of plaintiff's customers and as the result has caused great damage to plaintiff through the loss of the patronage of his customers.
Plaintiff further alleged that he has made many protests to defendant Mueller about the use of plaintiff's trade name and that defendant Mueller continues to use said trade name by virtue of "a certain holdharmless agreement said defendant has entered into with said Telephone Co., which hold-harmless agreement * * * formed the undisclosed reason behind the action of said Telephone Co. in securing from plaintiff, improperly, the release of defendant Mueller * * *."
Plaintiff further alleged that by virtue of said hold-harmless agreement entered into between defendant Mueller and defendant Telephone Company said defendant Telephone Company "became an aider and abettor of defendant Mueller in his said misdemeanor of piracy of plaintiff's said trade name," and is by reason thereof guilty of compounding a misdemeanor.
Plaintiff further alleged that his actual damages are $2500 and that he is "perfectly willing to give said Telephone Co. credit for the $600.00 heretofore paid plaintiff."
In the prayer of his petition plaintiff prays judgment against both defendants for $1900 actual damages and $5000 punitive damages and for an injunction against the defendant Mueller enjoining him from using plaintiff's trade name of Aalco Slate Rfg. Co. and an injunction against said defendant Telephone Company enjoining it from further compounding defendant Mueller's misdemeanor of trade name piracy.
After the filing of the second suit each defendant filed a motion to dismiss the petition on the grounds that the petition did not state a claim upon which relief could be granted and that the petition was based on the same identical acts on which plaintiff sought recovery in the first suit and that there has been a full satisfaction and adjudication of the claim asserted in the petition in the second suit.
Thereafter a hearing was had on said motions to dismiss at which time the judgment *532 of dismissal entered in case No. 52058-D and the petition filed in said case were introduced in evidence. Also introduced in evidence at this hearing were the release, check for $600 and the stipulation for dismissal filed in case No. 52058-D. Other exhibits, consisting of a course of correspondence that passed between plaintiff's counsel and one of the attorneys for defendant Telephone Company, and considerable oral testimony were introduced into the record at this hearing, much of which was incompetent and irrelevant to any issue before the lower court. No objection to the introduction of these exhibits was made by plaintiff's counsel and to the contrary we find complete acquiescence. The use of oral testimony was instigated by plaintiff. The motions of both defendants to dismiss plaintiff's petition were sustained and after an unavailing motion to set aside the dismissal was filed by plaintiff, he appealed.
The first point relied on by plaintiff is that a "speaking demurrer," does not exist in Missouri. We agree with plaintiff that the objections must appear on the face of the petition if the motion to dismiss is predicated on the sole ground that the petition fails to state a claim upon which relief can be granted, sec. 509.300 RSMo 1949, V.A.M.S. The motions to dismiss filed by the defendants in addition to asserting that the petition failed to state a claim upon which relief can be granted, assert that the matters contained in said petition have been fully adjudicated and thereby raise the defense of res judicata. Section 509.290 RSMo 1949, V.A.M.S., provides that, "The following objections and other matters may be raised by motion whether or not the same may appear from the pleadings and other papers filed in the cause". (Emphasis ours.) We need not set out the objections listed, because none are applicable to these motions. The authority to plead res judicata in these motions comes from the language "and other matters" contained in the statute. In Metcalf v. American Surety Co. of New York, 360 Mo. 1043, loc. cit. 1050, 232 S.W.2d 526, loc. cit. 530, the Supreme Court said: "It was permissible for the trial court to hear and decide the issues of the defense of res judicata upon the motions to dismiss. Upon such issues the motions performed the office of `speaking' demurrers. The practice comes to us with the Civil Code of Missouri, Laws of Missouri 1943 * * * Mo.R.S.A.1939, § 847.61." The trial court is authorized to receive proof of the matters raised by the motion. Hamilton v. Linn, 355 Mo. 1178, 200 S.W.2d 69. It should be observed at this point that plaintiff raised no objection to the introduction of proof by defendants in support of their motions to dismiss. If objection had been made, it should have been overruled as to all proof competent and relevant to the issue of res judicata. Plaintiff in support of his contention cites cases that were decided before the enactment of the New Civil Code and, therefore, are inapplicable now. The trial court properly received proof of the defense of res judicata and this point must be ruled against plaintiff.
Plaintiff makes the further contention that the claims made in the two petitions are not substantially identical, but are dissimilar, and that res judicata presupposes identity of claims and that if this identity of claims is not present, prior adjudication of the first claim is no defense to the latter claim. It is undoubtedly the law that a prior adjudication, in order to bar a subsequent action, must involve the same claim, demand, and cause of action, 30 Am.Jur., § 172, p. 914, but it is also the universal rule, that the prior adjudication, applies not only to points and issues that were raised by the pleadings and the parties, but to every point which properly belonged to the subject of the litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time. Dallas v. Dallas, Mo.App., 233 S.W.2d 738; Autenrieth v. Bartley, 238 Mo.App. 55, 176 S.W.2d 546.
An examination of the petition filed in the first suit discloses that defendant Mueller was charged with operating his business under the name of Aalco Slate *533 Rfg. Co., which was the name used by plaintiff in the operation of his business for more than twenty years and that he, plaintiff, had registered the name under the fictitious names statutes and that by reason thereof defendant Mueller had no right to use said name and was guilty of trade name piracy. Plaintiff contends that he did not plead a charge of trade name piracy in his first suit. Plaintiff so characterizes it in his prayer in the petition in the first suit. While it is true that the relief prayed for is no part of plaintiff's cause of action, Menke v. Rovin, 352 Mo. 826, 180 S.W.2d 24, nevertheless, the prayer may be considered to show the intention of the pleader. O'Donnell v. Baltimore & Ohio Railroad Co., 324 Mo. 1097, 26 S.W. 2d 929. We think it clear that plaintiff attempted to charge defendant Mueller with the illegal and unlawful use of the name "Aalco Slate Rfg. Co."
In this same petition defendant Telephone Company was charged with listing defendant Mueller's advertisement in the Classified Section of the 1951 Telephone Directory ahead of the listing of plaintiff, and thereby digressed from its regular custom and practice of listing names in their alphabetical order, plaintiff pointing out that the name Meisel should precede the name Mueller in alphabetical arrangement. This charge, in the petition filed in the second suit, has been described by plaintiff as an out-of-alphabetical-order listing. In the petition filed by plaintiff in the first suit, defendant Telephone Company was also charged with placing defendant Mueller in business under the trade name of Aalco Slate Rfg. Co., contrary to the provisions of Section 417.230 RSMo 1949, V.A.M.S. This section provides that any person who shall engage in or transact any business in this state under a fictitious name without registering such name shall be deemed guilty of a misdemeanor. In support of this charge plaintiff alleged that defendant Telephone Company had notice that defendant Mueller was not lawfully possessed of the right to use the name Aalco Slate Rfg. Co.
The charge of alleged trade name piracy against defendant Mueller and the charges of out-of-alphabetical-order listing and of placing defendant Mueller in business under plaintiff's trade name made against defendant Telephone Co. were repeated in the petition filed in the second suit.
Plaintiff contends that he has made an additional charge against the defendant Telephone Co. in his second petition, when he alleged that said defendant concealed from plaintiff the knowledge that it had an alleged hold-harmless agreement with defendant Mueller, with reference to liability under the first suit filed by plaintiff. In this same connection plaintiff charges that through this alleged hold-harmless agreement defendant Telephone Company sought to conceal defendant Mueller's alleged violation of the fictitious names statutes and thereby compounded a misdemeanor. We will not concern ourselves at this point with whether or not plaintiff had a cause of action against defendant Mueller for his alleged failure to register under the fictitious names statutes. As to plaintiff's right in this regard there is room for doubt. See Kusnetzky v. Security Ins. Co., 313 Mo. 143, 281 S.W. 47, 45 A.L.R. 189. Our concern at this point is whether the allegation of the existence of the alleged hold-harmless agreement in plaintiff's petition in the second suit constitutes a substantial dissimilarity from any of the allegations contained in the petition in the first suit. We fail to understand plaintiff's reasoning in this regard. Defendant Telephone Company was under no obligation legal or otherwise, to disclose the existence of such an agreement and failure to disclose the existence of this agreement did not in any way further the alleged concealment of defendant Mueller's failure to register the name under the fictitious names statutes. The fact is plaintiff knew when he filed the first suit that defendant Mueller had not registered the name and, therefore, there was nothing to conceal in this regard. We find no additional charge pleaded and find nothing pleaded in the petition filed in the second suit that *534 does not come within the allegations pleaded in the petition filed in the first suit. The subject matter of both petitions is the out-of-alphabetical-order listing by defendant Telephone Company and the alleged unlawful use of the name Aalco Slate Rfg. Co., by defendant Mueller.
Plaintiff makes the further contention that inasmuch as this last petition prays for an injunction, as hereinbefore mentioned, that the claims are not identical. In the first suit plaintiff could have had determined his right to an injunction but failed to do so. A claimant will not be permitted to try his claims piecemeal. The rule of res judicata applies to all relief and matters that are germane to any cause of action whether presented or not. Autenrieth v. Bartley, supra.
Plaintiff makes the final contention that the release he signed was invalid, as to defendant Mueller, claiming that it was improperly secured by the defendant Telephone Company. He complains that the defendant Telephone Company violated an oral agreement he had with it, whereby only the defendant Telephone Company was to be released. In no place in plaintiff's petition filed in the second suit do we find any allegation or attempt to set aside the release or the judgment of dismissal. No offer is made to return the consideration that supported the release. The offer of plaintiff to credit the $600 against damages found to be due is insufficient. In the case of Thomas v. American Automobile Underwriters' Agency, Mo. App., 5 S.W.2d 660, loc. cit. 661, we said:
"It is the general rule, applicable to all contracts, with the possible exception of insurance contracts, that a party seeking the avoidance of his contract ab initio, either at law or in equity, must tender the return of what he has received under it, even though the avoidance is sought on the ground of fraud. The rule is not founded on any solicitude for the fraud-feasor, but on the iniquity of allowing a party to repudiate his contract while holding onto the benefits received under it."
To the same effect, see Jones v. Norman, Mo.App., 24 S.W.2d 191; Dahler v. Meistrell, 224 Mo.App. 815, 24 S.W.2d 238 and 12 Am.Jur., Contracts, § 451, p. 1031. Counsel for plaintiff in his brief complains that defendant Telephone Company took advantage of his client's pressing need for money when it included in the release the name of defendant Mueller. Plaintiff's counsel in his testimony taken at the hearing on the motions to dismiss testified that he fully advised plaintiff that the release included discharge of defendant Mueller. If economic circumstances and pressing need for money would obviate the necessity for returning the consideration before setting aside a release or any other contractual obligation, we would have very few settlements of litigation or disputes. We agree with defendant Telephone Company in its statement that this would be a happy solution for many litigants, and would rapidly become popular if it were ever to be permitted. Plaintiff cites no authorities for his contention in this regard and we suspect there are none. We hold it was necessary for plaintiff to offer to return the $600 before he can escape the binding force of the release. No oral agreement plaintiff's counsel had with defendant Telephone Company, relative to the contents of the release, can serve to affect the terms of the release and this is especially so, in the absence of any attempt to return the $600 and have the release rescinded.
We rule that the release was effective and that the stipulation for dismissal executed pursuant to the terms of the release was properly filed and that the judgment of dismissal, with prejudice, entered by the court, operated as an adjudication of the allegations contained in the petition filed in the first suit. We have held hereinbefore that the petition filed in the second suit is based on the same subject matter and the same identical acts pleaded in the petition filed in the first suit. *535 The issue of res judicata raised in defendants' motions to dismiss has been fully sustained by said defendants.
Motion of defendant Mueller to dismiss plaintiff's appeal for failure to comply with the Supreme Court Rule 1.08 which has been taken with the case is denied.
The order of the Circuit Court sustaining the motions of defendant Mueller and defendant Telephone Company to dismiss plaintiff's petition should be affirmed. It is so ordered.
ANDERSON, P. J., and ARONSON, J., concur.