Robbie SCHMITT, Mildred Lois Killion, and L. B. Buchanan, and George T. Killion, Administrator of the Estate of Lois Pierce, Deceased, Appellants,

v.

Robert O. PIERCE and Helen Hinchey, Administrator and Administratrix of the Estate of Otho Pierce, Deceased, and Robert O. Pierce and Laura Pierce, His Wife, and Helen Hinchey and Harold Lloyd Hinchey, Her Husband, Respondents,

Shirley Ann Pierce, a Minor, and L. G. Pinkley, Guardian of the Property of Shirley Ann Pierce, a Minor, Defendants.

No. 50021.

Supreme Court of Missouri,

Division No. 2.

May 11, 1964.

Motion for Rehearing or to Transfer to Court En Banc Denied June 8, 1964.

Roberts & Roberts, Farmington, for appellants.

Ward & Reeves, Caruthersville, Mc-Haney, Billings & Welman, Kennett, for respondents.

PRITCHARD, Commissioner.

On February 19, 1958, Otho Pierce and Lois Pierce, husband and wife, both died intestate as a result of an automobile accident. By Count I of their petition plaintiffs sought to prevent the administrators of the estate of Otho Pierce, deceased, from charging one-half of the Federal Estate Tax paid in total amount of $47,792.82, against the distributive share of the estate of the surviving widow, Lois Pierce, deceased, and sought also a decree declaring that the doctrine of equitable contribution for such Federal Estate Tax be here applied. A motion to dismiss said Count I upon the ground of res adjudicata was made by the defendants Robert O. Pierce and Helen Hinchey, individually and as administrators of the estate of Otho Pierce, deceased, which motion was sustained by the trial court and judgment of dismissal of Count I of the petition was entered. By Count II of their petition plaintiffs sought to prevent the administrators of said Otho Pierce estate from paying from that estate certain fee bills in the amount of $1,005.85 in two prior consolidated suits to determine the survivorship of the widow, Lois Pierce, deceased, which fee bills were assessed against Robert O. Pierce and Helen Hinchey, individually, by the court in the two previous cases. Plaintiffs appeal from the judgment of the court against them on both counts of their petition.

The motion to dismiss Count I is as follows:

"Defendants move the court to dismiss Count One of plaintiffs' petition for the reason that all matters of alleged controversy therein contained have been judicially determined by the final decree in the case of Robbie Schmitt, et al vs. Robert O. Pierce, et al. # 18,496 and the case of Robbie

Schmitt et al vs. Robert O. Pierce et al #18,497, a certified copy of said decree is attached hereto and made a part of this motion."

In the trial court's decree in the two prior consolidated cases, a certified copy of which decree is before this court, the matter of the interests of the parties in lands owned individually by Otho Pierce, deceased, and in lands owned by him and his spouse, Lois Pierce, deceased, as tenants by the entirety, is determined. Then the decree goes on as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that one-half (½) of all the personal property and other assets, excluding real estate, belonging to Otho Pierce and in the hands of Robert O. Pierce and Helen Hinchey, as Administrator and Administratrix of the estate of Otho Pierce, deceased, as well as one-half (½) of personal property and other assets, excluding real estate, which should properly be included in said estate of Otho Pierce, are and belong to the estate of Lois Pierce; and that Robert O. Pierce and Helen Hinchey, as Administrator and Administratrix of the estate of Otho Pierce and their successors, if any, are directed that upon the compoletion their administration of the estate of Otho Pierce, deceased, they turn over, pay to and deliver to the administrator of the Lois Pierce estate one-half (½) of the estate of Otho Pierce remaining *after the payment of taxes* and other necessary expenses incurred in the administration of the Otho Pierce Estate;

"AND IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the costs of these proceedings be taxed against the defendants, Robert O. Pierce and Helen Hinchey, and that execution issue therefor.

"Dated this 6th day of December, 1958." (Emphasis supplied.)

Upon appeal said decree was affirmed by this court without modification, and it was said in the opinion: "The fact issues in the trial court were: Did one survive the other, or did they die simultaneously within the meaning of the Uniform Simultaneous Death Act, Chapter 471." See Schmitt v. Pierce, Banc, Mo., 344 S.W.2d 120, 122, in which it was judicially determined that Lois Pierce survived her husband, Otho Pierce.

 Insofar as is shown by the records and exhibits which we have before us in the prior cases and in our opinion above cited there was no issue concerning the apportionment of the Federal Estate Tax between the two estates. The sole issue was the survivorship of the widow, and that was the ultimate fact which was determined in these cases. "[T]he law is well settled that a judgment or decree is only conclusive and operates as an estoppel as to the *issues actually litigated and settled,* and where the subsequent action is upon a different claim, the judgment in the former case is only conclusive and only bars those issues which were actually tried." (Emphasis supplied.) Loud v. St. Louis Union Trust Co., 298 Mo. 148, 249 S.W. 629, 639[12]; Abeles v. Wurdack, Mo., 285 S.W.2d 544. The causes of action in the first consolidated suits and in the case at bar are not the same. The identity of the causes of action is one of the essential elements which is necessary to support a plea of res adjudicata. See State ex rel. Dalton v. Reorganized District No. 11, Mo., 307 S.W.2d 501, 506[3]. There is no fact decided in the first suits which would be determinative of the issue of law here, i. e., the thrust or burden of the Federal Estate Tax upon the estates of the two decedents. See Abeles v. Wurdack, supra, loc. cit. 285 S.W.2d 546[1–3], where it is said, "A judgment between the same parties on a different cause of action is binding as to the facts actually decided, and necessarily determined in rendering the judgment, under what is called estoppel by verdict." See

also Reis v. La Presto, Mo., 324 S.W.2d 648, 652[2–5].

 Although the parties have agreed that the former decree was prepared by counsel for appellants for the trial court, the inclusion in the decree of the order that the administrators of the Otho Pierce estate "pay to and deliver to the administrator of the Lois Pierce estate one-half (½) of the estate of Otho Pierce remaining *after the payment of taxes* and other necessary expenses incurred in the administration of the Otho Pierce Estate," was surplusage. We hold that the former suits were not res adjudicata of the issue in the present suit, and the trial court erred in dismissing Count I of the petition upon that ground.

The trial court disposed of Count I of plaintiffs' petition by sustaining a motion to dismiss upon the ground of res adjudicata. There was no formal pleading by defendants to the merits of plaintiffs' petition. Defendants say this court should not proceed to dispose of this case in the absence of their pleading; that "Surely if the respondents have the defense of accord and satisfaction, or any other defense, we should be permitted to plead and prove it. Before any case under a theory of equitable apportionment has been decided adversely to respondents, surely respondents are entitled to present evidence of equities favoring their plan of distribution." The stipulation of facts of the parties here, made on the same day of and just prior to the judgment of dismissal below, covers only (as here now relevant) the fact that the administrators of the Otho Pierce estate intend to charge one-half ($23,896.41) of the estate tax against the distributive share of the Lois Pierce estate. The issue of equitable apportionment was thus not tried to the court below, and defendants are entitled to plead and prove any defenses or equities bearing upon that doctrine. The stipulation does not cover any facts relating to these defenses, including accord and satisfaction, which if good, would eliminate any issue of equitable apportionment because the par-

ties by any agreement constituting an accord and satisfaction would thereby themselves dispose of the matter of the thrust or burden of the Federal Estate Tax.

▮▮ We now take up the propriety of the judgment of the court directing that the court costs in the two prior actions to determine survivorship be paid by the administrators of the Otho Pierce estate as a proper obligation therein. It is to be noted that the recital of the judgment entry (above set forth) in those cases taxed the court costs against defendants therein, Robert O. Pierce and Helen Hinchey. This was a final judgment, and in the appeal of these actions the judgment as to assessment of costs was undisturbed. So far as this record reveals there was no presentation to the trial court in the two previous cases in the motion for new trial any matter relating to an erroneous judgment for the court costs of the action. "A motion for a new trial within the proper time is the only way for obtaining revision of a specific judgment for costs." Beecham v. Evans, 136 Mo.App. 418, 117 S.W. 1190, 1191. Appellants are correct in saying that the judgment for costs cannot now be collaterally attacked.

The judgment of the trial court assessing the court costs against the estate of Otho Pierce, deceased, upon Count II of plaintiffs' petition is reversed.

The judgment of the trial court upon Count I of plaintiffs' petition is reversed, and this case is ordered remanded for further proceedings.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.

On Motion for Rehearing

PER CURIAM.

In their motion for rehearing or in the alternative for transfer to the court en banc defendants say that we erroneously ruled upon the issue of res adjudicata in the opinion, that we assumed that only factual issues can be res adjudicata and that we ignored that questions of law are also adjudicated, and once adjudicated cannot thereafter be submitted again for determination.

We said in the opinion that the decree is only conclusive and operates as an estoppel as to the issues actually litigated and settled, and where the subsequent action is upon a different claim, the judgment in the former case is conclusive of and bars only those issues which were actually tried, citing Loud v. St. Louis Union Trust Co., 298 Mo. 148, 249 S.W. 629, 639 [12]; and Abeles v. Wurdack, Mo., 285 S.W.2d 544.

The *factual* issue decided in the former suit was the survivorship of the two decedents, and from that finding flowed the judgment that the estate of Lois Pierce, deceased, was entitled to inherit from the estate of Otho Pierce, deceased, as surviving spouse. Meisel v. Mueller, Mo.App., 261 S.W.2d 526, does say, loc. cit. 532, "It is undoubtedly the law that a prior adjudication, in order to bar a subsequent action, must involve the same claim, demand, and cause of action, 30 Am.Jur., § 172, p. 914, but it is also the universal rule, that the prior adjudication, applies not only to points and issues that were raised by the pleadings and the parties, but to every point which properly belonged to the subject of the litigation, and which the parties, exercising reasonable diligence, might have brought forward." In Custer v. Kroeger, 313 Mo. 130, 280 S.W. 1035, 1037, 44 A.L.R. 1328, it was stated, "Every question presented in the petition before us could have been litigated in the former case. The appellant is concluded in this action, not only to the issues which were tried in the former suit,

but in respect to every issue which was within the purview of the pleadings, and was the subject of controversy in said action." See also the cases of Mississippi Valley Trust Company v. Beatty et al., Mo., 242 S.W.2d 490; Christy v. Great Northern Life Ins. Co., 238 Mo.App. 525, 181 S.W.2d 663; Doebbeling v. Quimby, 221 Mo.App. 1178, 299 S.W. 629; and Case v. Sipes, 280 Mo. 110, 217 S.W. 306.

In addition to the opinion of Schmitt v. Pierce, Banc, Mo., 344 S.W.2d 120, and the decree in the two prior consolidated cases, we have examined the pleadings in these prior cases which are on file in this court. The basic allegations of the facts in the two prior suits that decedents were husband and wife; that they were involved in an automobile accident from which they died; the administrators of the two estates; and the heirs of both decedents, are the same as in the present suit. At this point there is a divergence in the petitions in that in the first suits it was alleged that Lois Pierce survived her husband and thereby became entitled to a widow's interest in his estate (and was entitled to take the property held by the entirety during the marriage). The prayers were that the court find that one-half of the Otho Pierce estate belonged to the Lois Pierce estate, and that the same remaining after expense of administration be turned over to her estate, and that the property held as tenants by the entirety be adjudged to belong to the heirs of Lois Pierce. Defendants denied the allegations of heirship and survivorship, and by counterclaim stated that Otho Pierce survived Lois Pierce, or that they died simultaneously, and that his estate was entitled to one-half of hers, or in the alternative that one-half of the property owned by the entirety be adjudged vested in defendants. Significantly, in the motion for consolidation of the two prior cases, defendants stated, "The issues in both cases are identical, that is, the question of fact to be determined is whether or not Lois Pierce predeceased Otho Pierce, or whether Otho Pierce predeceased Lois Pierce, or whether both Otho Pierce and Lois Pierce died simultaneously as a result of common disaster."

From the aforesaid pleadings, the decree, and the opinion in Schmitt v. Pierce, supra, it is clear that no other issue than survivorship was presented or could have been then decided. The *subject of controversy* was merely that of survivorship and the attendant right to inherit.

We deem that the opinion in this case is not a departure from the doctrine of res adjudicata as applicable to issues of law within the subject of controversy which could have been raised (but were not) in a former suit. As stated in the opinion, the cause of action here is different than in the previous suits.

Defendants say that our ruling that the matter of the court costs in the former suit is res adjudicata is inconsistent with the ruling that the survivorship suits are not res adjudicata. The present ruling that the court costs which were adjudged in the former suits is a clear example of the doctrine "estoppel by judgment." Defendants are thereby precluded from a collateral attack upon the former final judgment as to costs. Nor is defendants' claim that plaintiffs did not specifically plead res adjudicata correct. Plaintiffs did plead this issue in this declaratory judgment action by setting forth in their petition the allegation that the administrators of the estate of Otho Pierce, deceased, *intended* to charge these former court costs against that estate, thus bringing the issue squarely before the court. This type of affirmative pleading is not the same as that required of affirmative *defenses* (pleading to a *preceding* pleading) by Supreme Court Rule 55.10, V.A.M.R.

The motion for rehearing or in the alternative to transfer to the court en banc is overruled.